## 29207. NEWTON *v.* THE STATE.

DECIDED OCTOBER 22, 1941.

*Clifford E. Hay, Steve M. Watkins,* for plaintiff in error.

*George R. Lilly, solicitor-general, Claude Shaw,* contra.

GARDNER, J. The defendant was convicted of the offense of larceny after trust. He moved for a new trial on the usual general grounds, and thereafter added three special grounds. The court denied the motion, and the defendant excepted.

The State's evidence showed that the defendant was entrusted with approximately 4000 pounds of. pecans, under an agreement that he would sell them at a stipulated price and deliver the proceeds to the Thigpen Pecan Company, which had entrusted them to him, and would return to the company the nuts not sold. The defendant did not return the pecans or the money, and did not report to the company with reference thereto until the members of the company sent to his home to make inquiry of him with reference to the transaction. He then stated that he had been robbed, but he did not know where or by whom, and that he had not reported such robbery to any one. The defendant introduced no testimony, but in his statement contended that the transaction was a sale to him on credit, and that the reason he did not pay the company was due to the fact that he had been robbed of the money, or had lost it, and that the reason he did not report to the company was due to the fact that he had been delayed by bad weather and that on reaching home he was ill.

The errors complained of in the general grounds and in grounds 2 and 3 of the amended motion are to the effect that the evidence failed to show that the property had been entrusted to the defendant as alleged in the indictment, but on the contrary showed a credit transaction. The able trial judge clearly defined to the jury these issues and the law applicable thereto. The evidence was sufficient to sustain the verdict of guilty based on the allegations of the indictment. We deem it of no benefit here to detail the evidence.

Ground 1 of the amended motion complains that a juror trying the case had been formerly adjudged insane, and had not thereafter been judicially determined sane, and that at the time of the trial he was insane, incompetent, and unqualified to sit as a juror in the case; that the incompetency of the juror was unknown to the defendant or his counsel until after the trial. The defendant introduced documentary evidence to substantiate the allegations of this ground. The State made a counter-showing as to the competency of the juror at the time of the trial. The judge, as trior of this issue, resolved it against the defendant. This court is without authority to reverse his finding. In *Wall* v. *State*, 126 *Ga.* 549 (3) (55 S. E. 484), the court held: "In such case the judge, upon hearing the motion for new trial, will hear evidence, and in the light of the evidence it is his duty to pass upon the competency of the juror."

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*