53170, 53171. HEARD v. THE STATE (two cases).

STOLZ, Judge.

The appellant was convicted in separate trials of burglary, which conviction he appeals in No. 53171, and aggravated assault and armed escape, which convictions he appeals in No. 53170. We shall deal first with

enumerations of error concerning the burglary conviction.

On the day of the burglary, the appellant was seen in the general vicinity of the burglarized residence. Because he was acting suspiciously, a witness copied the license number of the pickup truck that the appellant was driving. Subsequent investigation by the authorities established that the appellant borrowed the truck from Alvin Wise. A search of Mr. Wise's truck uncovered several stolen items still extant in the truck bed. When the appellant was arrested, numerous burglarized articles were found in his apartment.

1. The appellant disputes his burglary conviction on general grounds, claiming that there is insufficient evidence to sustain a verdict. We find this general challenge to be without merit, however. See *Lackey v. State,* 141 Ga. App. 149 (232 SE2d 642) (1977).

2. The appellant enumerates as error the judge's refusal to charge the jury concerning the possibility of human error that could lead to the mistaken identification of an accused. Since there was a general charge concerning reasonable doubt, a charge such as that requested by the appellant was not necessary. There is no requirement that a trial judge warn the jury about the possible dangers of mistaken identification of an accused. *Young v. State,* 226 Ga. 553 (7) (176 SE2d 52) (1970); *Knight v. State,* 133 Ga. App. 808 (3) (212 SE2d 464) (1975).

3. On the morning of the second day of trial, after the jury had been charged and before they were scheduled to return to the courthouse to begin their deliberations, one of the jurors called on the judge's line, which rings in and is answered in the district attorney's office. The district attorney answered and was told by the juror that although he could finish his deliberations in this case, he was reluctant to serve the remainder of the week because of a personal problem.

The district attorney immediately referred the juror to a bailiff without further discussion, and the juror repeated his story to the bailiff. This matter was brought to the court's attention prior to the return of the verdict, and resulted by consent in a polling of the jury.

The juror was then taken to the judge's chambers, where he was examined. He confirmed that the conversation with the bailiff and the district attorney was as represented by the latter and that there was no discussion of the pending case. The juror emphasized that his personal problem did not influence his decision in the case and that he had substantially made up his mind at the close of the evidence the day before. The juror further stated that he was not the foreman and that he did not try to influence the views of the other jurors.

The appellant moved for a mistrial because of this situation, claiming juror improprieties and the fact that evidence of the juror's personal problem, strain, and nervousness would require his disqualification and a resulting mistrial. The appellant's motion was denied, and we must affirm the judge's denial of that motion.

It should first be noted that there was no juror impropriety in the case sub judice. A juror with personal problems who sought release from further jury duty did exactly what he should have done; he attempted to speak with the judge to arrange his release. There is absolutely no evidence that his actions in seeking a release created bias or influenced the remainder of the jury in anyway.

Somewhat more difficult, however, is the problem of whether the juror's personal problem, with accompanying strain and nervousness, should itself require a mistrial. Certainly a severe emotional problem which could prejudice one of the parties in a case would require the juror's disqualification. But no such emotional problem was shown in this case. Although it is incumbent on the state zealously to protect the purity of its juries, it is necessary for the party seeking a mistrial to show that it was harmed by that about which it complains. In view of the uncontested testimony that the juror's situation had no effect on his verdict whatsoever, we must rely on the discretion of the trial judge in denying the motion for mistrial. See *Newton v. State,* 66 Ga. App. 103, 104 (17 SE2d 102) (1941).

4. The appellant complains of the denial of his motions for change of venue and continuance based upon pre-trial publicity. The alleged basis for this excessive publicity was that the investigating officer, who was later

assaulted in an escape attempt, had subsequently qualified as a candidate for the office of Newton County Sheriff. Furthermore, the victim of the burglary in issue was a prominent citizen of the county.

Notwithstanding these bare allegations, at no time did the appellant in furtherance of these motions produce any testimony or evidence as to the nature and extent of the publicity. Nor was there any motion made by the appellant to challenge any of the jurors, individually or collectively, on grounds of impartiality. Not one of the jurors indicated on voir dire that he or she could not be impartial. Therefore, the court overruled both motions due to a lack of any evidence that the appellant could not receive a fair trial.

In the complete absence of any showing that there was pervasive and prejudicial pre-trial publicity, and that such publicity caused the prospective jurors to have a fixed opinion as to the appellant's guilt, the trial court cannot be said to have abused its discretion in denying the motion for change of venue or the motion for continuance based on pre-trial publicity. *Coleman v. State,* 237 Ga. 84 (1) (226 SE2d 911) (1976); *Allen v. State,* 235 Ga. 709, 712 (221 SE2d 405) (1975); *Dutton v. State,* 228 Ga. 850 (2) (188 SE2d 794) (1972).

5. The appellant also enumerates as error the trial judge's denial of his motion for continuance based on the absence of an alleged material witness, one J. Wesley Miller, who was incarcerated in Ohio. Mr. Miller stated by telephone that he had only known the appellant as a fellow inmate in an Ohio prison and that he had no information which could help the appellant. The trial judge acted in his discretion to deny the motion. In view of the almost complete failure by the appellant to meet the requirements of Code Ann. § 81-1410 (Ga. L. 1959, p. 342), we find that the trial judge did not abuse his discretion. See *Carroll v. Crawford,* 218 Ga. 635 (1) (129 SE2d 865) (1963); *Davis v. State,* 135 Ga. App. 584 (4) (218 SE2d 297) (1975); *Smith v. State,* 120 Ga. App. 448 (1) (170 SE2d 832) (1969).

6. Nor was it an abuse of discretion to deny the continuance based on an alleged lack of time to prepare a defense. All indictments involved in this appeal were

made during the January 1976 term of the Newton County Superior Court; the trials took place during the April 1976 term. The fact that the appellant was absent due to an escape for a period of almost a month, being returned to custody eleven days before the trial, can not as a matter of law be found to have resulted in an insufficient amount of time to prepare a defense. See *Dorsey v. State,* 236 Ga. 591 (2) (225 SE2d 418) (1976); *Anderson v. State,* 72 Ga. 98 (1) (1883).

7. The appellant also argues that the sentence imposed was excessive. He received a sentence of twenty years for the burglary conviction and two ten-year sentences for his assault and escape convictions, the latter twenty years to run concurrently with the sentence for burglary. We can not agree with the appellant's argument, however. "The sentence of the court being within the limits prescribed by law for the offenses charged, this court has no jurisdiction to review the sentence or the court's refusal to reduce it, or say that it is unjust, extreme, or oppressive. *Anderson v. State,* 129 Ga. App. 1 (1) (198 SE2d 329) and cits.; cf. *Baker v. State,* 131 Ga. App. 510 and cit." *Tucker v. State,* 131 Ga. App. 791 (2) (207 SE2d 211) (1974).

8. The remaining enumerations of error deal with the appellant's convictions for aggravated assault and armed escape. While in jail awaiting trial for burglary, the appellant apparently faked severe pain in order to get out from behind bars. While with a deputy sheriff in the hospital, the appellant grabbed the officer's pistol, hit him with the weapon, threatened to shoot him, and escaped. Although the appellant claims to have acted in self-defense to cruel treatment by the deputy, we find sufficient evidence to support the jury's verdict. Thus, his enumeration of error on general grounds is without merit.

9. The appellant finally claims that the trial judge erred in denying his motions for change of venue and continuance for the assault and escape trial and that the sentences for these offenses were excessive. However, under the principles of law discussed in Divisions 4, 5, 6 and 7 of this opinion, we find the appellant's contentions to be meritless.

*Judgments affirmed. Quillian, P. J., and Shulman,*

*J., concur.*

Submitted January 10, 1977 — Decided February 16, 1977 — Rehearing denied March 24, 1977.

*Johnson & Craig, Philip A. Johnson,* for appellant.

*John T. Strauss, District Attorney,* for appellee.