## 55064. ASKEW v. THE STATE.

Bell, Chief Judge.

Defendant and two others were jointly indicted and tried for three counts of robbery allegedly committed on November 15, 1976. Defendant and one of his co-defendants, Wise, were convicted of all counts. Defendant Askew has appealed.

The state's evidence showed that defendant and his co-defendant, Wise, entered a grocery store in Douglas County on November 15, 1976. One of them asked for a carton of Kool cigarettes. Immediately thereafter defendants committed three separate acts of armed robbery against three victims who were present in the store. From one of the victims a .22 caliber pistol was taken. The state was also allowed to show, over objection, that both defendants on November 20, 1976 entered another grocery store in Carroll County and one of them asked the proprietor for a carton of Kool cigarettes. Then the defendants robbed the proprietor and a customer. The defendants departed in a mid-1960 Chevrolet white on green. A report to police was made and a lookout report for a car of this description occupied by black males was disseminated to the police. About forty-five minutes later, a Carrollton policeman observed a car of this description driving at a high rate of speed. He gave chase and ordered it stopped outside the city limits of Carrollton. Later the car and the occupants were taken to the Carroll County police station. A consent to search the car was obtained from defendant Wise, the owner of the vehicle. In the trunk were found five cartons of Kool cigarettes and a .22 caliber pistol which was identified as the one stolen in the robbery of November 15, 1976. No warrant of arrest or search warrant was obtained prior to the search. *Held:*

1. The defendant's pre-trial motion to suppress the evidence because of an unlawful search and seizure was denied. The trial court correctly denied the motion as the officer who initially arrested the defendants out of his jurisdiction was in hot pursuit (see *Wooten v. State,* 135 Ga. App. 97 (217 SE2d 350)), and had probable cause to stop the vehicle and the occupants and to search the car without a warrant. As long as there is probable cause to

arrest and search, the fact that the actual search in which incriminating materials were found was conducted at the police station at a time when both defendants were in custody, will not invalidate a warrantless arrest of the occupants and the search of a motor vehicle. *Texas v. White,* 423 U. S. 67 (96 SC 304, 46 LE2d 209). Additionally, there was evidence which would authorize the trial judge to find, as he did, that consent to search the car was voluntarily given by defendant Wise.

2. Defendant's motion for a preliminary hearing was denied. The denial of a preliminary or a commitment hearing is not grounds for reversal of a conviction on direct appeal. *State v. Middlebrooks,* 236 Ga. 52 (222 SE2d 343).

3. Defendant moved for a severance which was denied. The trial judge had discretion under Code § 27-2101 to grant or deny a severance to a defendant who has been jointly indicted. No abuse of discretion has been shown.

4. The evidence of the independent robbery committed on November 20, 1976 in Carroll County was admissible as it tended to show identity and common scheme or plan. *Hamilton v. State,* 239 Ga. 72 (235 SE2d 515).

5. The evidence authorized the conviction.

6. We have examined the other enumerations of error and find that they are without merit and require no elaboration.

*Judgment affirmed. Shulman and Birdsong, JJ., concur.*

SUBMITTED JANUARY 17, 1978 — DECIDED MARCH 7, 1978.

*Dennis C. O'Brien,* for appellant.
*John T. Perren, District Attorney, Kenneth L. Shigley, Assistant District Attorney,* for appellee.