55469. WISE et al. v. THE STATE.
55541. GUNN v. THE STATE.

BELL, Chief Judge.

The defendants, Wise, Askew and Gunn, were jointly indicted and convicted of armed robbery, Defendants Wise and Askew filed a joint notice of appeal, Case no. 55469. Defendant Gunn has filed a separate appeal in Case no. 55541. *Held:*

1. The defendant Askew contends that the trial court erred in failing to grant his motion for continuance. While the record shows a written motion for continuance was filed on behalf of this defendant, the transcript reflects that the defendant's counsel, when asked by the trial court, announced "ready." No error has been shown.

2. The defendants all moved for severance and their motions were denied. The grant or denial of a motion for severance is a matter which is left to the discretion of the trial court. The defendants have the burden to do more than raise the mere possibility that a separate trial might give them a better chance of acquittal and to show prejudice if tried jointly. *Cain v. State,* 235 Ga. 128 (218 SE2d 856). The defendants here have failed to sustain this burden.

3. Defendant Askew complains that the trial court erred in not granting each defendant five additional strikes. Code § 27-2101 allows a total of twenty peremptory challenges to two or more defendants when tried jointly and authorizes the trial court in the exercise of its discretion to grant additional strikes not to exceed five each. The trial court here granted one additional strike to all, which gave the defendants an equal number of seven each. Defendant has not demonstrated an abuse of the court's discretionary power.

4. Defendant Askew urges error in the failure of the trial court to grant his motion for change of venue on the

ground of prejudicial pre-trial publicity. This defendant did not show by any evidence the nature and extent of the local publicity. In the complete absence of any showing of any pervasive and prejudiced pre-trial publicity which could reasonably cause fixed opinions of guilt among the jurors, it cannot be held that the trial court abused its discretion in denying this motion. *Heard v. State*, 141 Ga. App. 666 (234 SE2d 83).

5. The defendants' motions to suppress were overruled. The search and seizure here is the same identical one which we held to be lawful in the allied case of *Askew v. State*, 145 Ga. App. 164 (243 SE2d 334). The holding there applies equally here and all the evidence obtained was admissible.

6. The evidence authorized the convictions of all the defendants.

7. All other enumerations of error made by these defendants either are without merit and require no further consideration, or are nothing more than a restatement of the enumeration without argument or citation of authority and are deemed abandoned.

*Judgments affirmed. Shulman and Birdsong, JJ., concur.*

55469, SUBMITTED FEBRUARY 27, 1978 — 55541, ARGUED FEBRUARY 27, 1978 — DECIDED JUNE 12, 1978.

*C. C. Perkins, Charles H. Lumpkin, Jr.,* for appellants (Case no. 55469).

*Word, Cook & Word, Gerald P. Word,* for appellant (Case no. 55541).

*William F. Lee, Jr., District Attorney, R. William Buzzell, II, Assistant District Attorney,* for appellee.

