## 35643. WISE v. BALKCOM.

JORDAN, Justice.

Appellant Gregory Wise filed an application to appeal an order of the trial court dismissing his petition for habeas corpus and remanding him to the custody of the warden. We granted the application on October 2, 1979.

The record shows that the appellant was convicted of armed robbery in Douglas County in March, 1977, and received a sentence of 20 years. In April, 1977, he was convicted of armed robbery in Carroll County and received a life sentence, reduced by the Sentence Review Panel to 20 years, to be served "consecutive to Douglas County sentence."

In July, 1977, on the basis of a pro se habeas petition, appellant was granted an out of time appeal of his Douglas County conviction and remanded to the sheriff of that county pending the outcome of that appeal. Subsequent thereto on June 12, 1978, his Carroll County conviction was affirmed by the Court of Appeals, *Wise v. State,* 146 Ga. App. 194 (246 SE2d 6) (1978) and upon the finality of that conviction he was transferred to the custody of the warden of the Georgia State Prison.

Appellant contends that his Douglas County conviction is not being pursued on appeal and that the trial court erred in remanding him to the custody of the warden based upon his Carroll County conviction.

1. Contrary to appellant's contention, his appeal from the conviction of armed robbery in Douglas County was docketed in the Court of Appeals on October 9, 1979, and appellant's brief submitted on November 13, 1979. That appeal is thus pending in that court. Appellant's attempt to amend his enumeration of errors in this court to allege ineffective assistance of counsel in that case cannot be reviewed here since that issue was not raised nor passed upon by the habeas court.

2. Appellant's contention that since his Carroll

County sentence is to be served "consecutive" to his Douglas County sentence, he cannot begin serving that sentence until his Douglas County conviction becomes final is without merit. Upon the finality of appellant's conviction of the Carroll County sentence in June, 1978, the Commissioner of Offender Rehabilitation, after proper notice, was authorized to assign appellant to the Georgia State Prison system. See Code Ann. § 77-309 (b), (c) and (d). The fact that the sentence was to be served consecutive to another sentence would not alter this authority. Therefore, the appellant was under a legal sentence which had become final and the habeas court did not err in remanding him to the custody of the warden.

*Judgment affirmed. All the Justices concur.*

SUBMITTED NOVEMBER 30, 1979 — DECIDED JANUARY 24, 1980.

*Gregory Wise,* for appellant.

*Arthur K. Bolton, Attorney General, William B. Hill, Jr., Assistant Attorney General,* for appellee.