A00A0719. WALTON v. THE STATE.
(530 SE2d 531)

ELDRIDGE, Judge.

A McDuffie County jury found Mark Victor Walton guilty of armed robbery, kidnapping, and possession of a knife during the commission of a felony for acts he perpetrated against the night clerk of Fast Fare Convenience Store on Augusta Highway in Thomson. Walton contends on appeal that the trial court erred in denying his motion for continuance and that the evidence was insufficient to support the verdict. After reviewing the record, we reject these contentions and affirm.

1. Walton claims error in the trial court's denial of his motion for continuance. We do not agree.

Defense counsel filed a motion for speedy trial on June 21, 1996. The case was placed on a September trial calendar. After the call of

---

[17] *Teat*, supra, 237 Ga. App. at 869 (2).
[18] Cf. *Mackey v. State*, 235 Ga. App. 209, 210 (2) (509 SE2d 68) (1998).

the trial calendar, defense counsel made a motion for continuance wherein she claimed to be unprepared to try the case. The motion was denied. The case was called two days later. Defense counsel announced ready, and a jury was struck. No further motion for continuance was made. The next day, prior to the introduction of evidence, defense counsel again announced ready, and the case proceeded to trial. No further motion for continuance was made. "The announcement of ready constitutes a waiver of [Walton's] right to a continuance." (Citations and punctuation omitted.) *Mercier v. State*, 203 Ga. App. 494, 495 (3) (417 SE2d 430) (1992). See also *Vining v. State*, 195 Ga. App. 816, 817 (2) (395 SE2d 17) (1990); *Wise v. State*, 146 Ga. App. 194 (1) (246 SE2d 6) (1978).

2. Walton challenges the sufficiency of the evidence because no witness could identify him as the perpetrator of the offenses.

In a light most favorable to the verdict, *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), the evidence in this case — including a videotape from the store's surveillance camera — showed that at approximately 3:19 a.m. on October 18, 1995, a maroon colored Honda Accord pulled up to Fast Fare. Although no one entered the store, the car pulled off shortly thereafter. Several minutes later, a black male entered Fast Fare and approached the clerk, who was making coffee. The man was wearing a white baseball cap with an Adidas logo and had a stocking over his face with sunglasses under the stocking; in addition, he was wearing a black hood with eye holes cut out. The man had white athletic tube socks over his hands and was carrying a steak knife. As he approached the clerk, he told her "Don't you dare run. . . . Let's go." He forced her to the cash register and took the money from it; $105 was taken during the robbery. The clerk noticed that the man was barefoot; that his feet were scaly; and that his right foot had a scar running across the big toe. The man then forced the clerk to the cooler in the back of the store, told her to "get in," and shut the cooler door. The man removed a box of Newport cigarettes from the store's cigarette rack, exited Fast Fare, and began running down Augusta Highway toward Neal's Produce Store. He got into a maroon Honda Accord that had been parked on a dirt turnoff by Neal's Produce. The car had tinted side windows and a gold "Honda" tag on the front.

Approximately 20 minutes later, Walton was stopped driving a maroon Honda Accord with tinted windows and a gold "Honda" tag on the front. An eyewitness who saw the perpetrator run from Fast Fare to the maroon Honda positively identified the car as the one he saw on the scene. The witness also testified that he had seen the car parked numerous times in front of Walton's residence, which was located five minutes from Fast Fare. Further, although it was in the predawn hours of a cold October day, Walton was dressed in shorts

and a t-shirt; the jacket worn by the perpetrator and seen in the surveillance video was recovered from Walton's residence. A white Adidas baseball cap, a pair of sunglasses, and a steak knife were recovered from the trunk of Walton's Honda. Two white athletic tube socks were recovered from the backseat of the Honda. A box of Newport cigarettes and $105 were recovered from Walton's person. A bare footprint was found in the dirt turnoff beside Neal's Produce; the print measured 10.5 inches in length. A photograph of Walton's right foot was put in evidence; Walton's foot measured 10.5 inches in length. In addition, the photograph showed Walton's right foot as scaly with a large scar running across the big toe.

> When assessing the sufficiency of evidence to support a criminal conviction, this Court does not weigh or evaluate the evidence for itself, nor does it resolve conflicts concerning the evidence. Rather, it examines the evidence in its entirety in a light most favorable to the verdict to determine whether any rational trier of fact could have found the accused guilty beyond a reasonable doubt. When the evidence is entirely circumstantial, as it was in the State's case against appellant, a conviction will be sustained only if the proven facts are both consistent with the hypothesis of guilt, and also exclude every other reasonable hypothesis except the guilt of the accused. However, it is not necessary for circumstantial evidence to exclude every *conceivable* hypothesis of a defendant's innocence in order to authorize a conviction; only *reasonable* hypotheses must be excluded. In cases based upon circumstantial evidence, questions concerning the exclusion of all reasonable hypotheses other than guilt are generally left to the jury, and when the evidence is sufficient to have enabled reasonable jurors to exclude all reasonable hypotheses except an accused's guilt, that conclusion will not be disturbed on appeal unless it is unsupportable as a matter of law.

(Citations omitted; emphasis in original.) *Barela v. State*, 271 Ga. 169, 171-172 (517 SE2d 321) (1999). In this case, the jury heard Walton's defenses of alibi and mistaken identity; they rejected those defenses. That was their prerogative. A review of the transcript in a light most favorable to the verdict shows sufficient evidence from which the jury could conclude beyond a reasonable doubt that it was, in fact, Walton who committed the offenses as charged. *Harris v. State*, 223 Ga. App. 661, 662 (478 SE2d 458) (1996). Accordingly, Walton's challenge to the sufficiency of the evidence fails.

*Judgment affirmed. Blackburn, P. J., and Barnes, J., concur.*

DECIDED MARCH 8, 2000.

*Lucy J. Bell*, for appellant.

*Dennis C. Sanders, District Attorney, Durwood R. Davis, Assistant District Attorney*, for appellee.