## A00A1468. FOWLER v. THE STATE.
### (538 SE2d 869)

PHIPPS, Judge.

David Fowler appeals his conviction of theft by taking on the ground that the evidence was insufficient to prove his guilt beyond a reasonable doubt. We find that there was sufficient evidence and affirm.

Viewed in the light most favorable to the verdict,[1] the evidence authorized the jury to find as follows. On the evening of March 20, 1998, Fowler approached William Gordon at a RaceTrac gas station. Fowler told Gordon that his wife had just divorced him, that she had taken everything, and that he needed some help. Gordon agreed to give him a ride and to let him stay at his home for a few days. On the morning of March 22, Gordon found that Fowler was gone and that his car was missing from his garage, which was accessible only from inside his house because the garage door was closed. Gordon reported the missing car to the Whitfield County Sheriff's Office. He provided a description of the car, the vehicle identification number, and paperwork Fowler had left behind containing personal information. The sheriff's office filed a report with the National Crime Information Center, declaring Gordon's car stolen.

On March 26 around midnight, Officer David Wade of the Garland, Texas, Police Department noticed Gordon's car in a motel parking lot because it did not have a front license plate as required in Texas. Upon further investigation, Wade found that the car had no tags on it.[2] The car was parked in front of Room 8 at the motel. The motel manager told Wade that a man had rented the room under the name Charley Henry. Wade went to Room 8, and Fowler answered the door. Fowler told Wade that the car belonged to a friend; however, he would not say where the friend was. When asked for identification, Fowler showed Wade a temporary Texas driver's license in the name Charley Alexander Henry.

Wade called in the VIN to his dispatcher and learned that the car had been stolen in Whitfield County, Georgia. He placed Fowler

---

[1] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[2] Gordon had purchased the car approximately five days before it was stolen.

under arrest. Inside the car, Wade found a birth certificate in the name Charles A. Henry, Fowler's picture identification, and a photograph of Fowler. He also found property belonging to Gordon in the car and in the motel room.

Fowler asserts that the evidence was insufficient to prove beyond a reasonable doubt that he stole Gordon's car. When determining whether there is sufficient evidence to support a conviction, we do not weigh or evaluate the evidence or resolve conflicts concerning the evidence.[3] Instead, we determine if a rational trier of fact could have found the accused guilty beyond a reasonable doubt.[4]

Based upon the above-stated facts, we find that a reasonable jury could have found that Fowler stole Gordon's car. To the extent that the evidence was circumstantial, it excluded every reasonable hypothesis except the guilt of the accused.[5] Accordingly, the conviction is affirmed.

*Judgment affirmed. Johnson, C. J., and Smith, P. J., concur.*

DECIDED SEPTEMBER 6, 2000.

*Jerry W. Moncus*, for appellant.
*Kermit N. McManus, District Attorney, Herbert M. Poston, Jr., Assistant District Attorney*, for appellee.

---

[3] *Walton v. State*, 242 Ga. App. 639, 641 (2) (530 SE2d 531) (2000).
[4] Id.
[5] See generally OCGA § 24-4-6.