# Court of Appeals
# of the State of Georgia

ATLANTA,  August 29, 2017

*The Court of Appeals hereby passes the following order:*

**A18A0048.  MARK VICTOR WALTON v. THE STATE.**

In 1996, a jury found Mark Victor Walton guilty of armed robbery, kidnapping, and possession of a knife during the commission of a felony, for which he was sentenced to life imprisonment without the possibility of parole.  Walton's convictions were affirmed on appeal.  *Walton v. State*, 242 Ga. App. 639 (530 SE2d 531) (2000).  In May 2017, Walton filed a "Motion to Correct Null and Void/Illegal Sentences Pursuant to [OCGA] § 17-9-4."  On May 30, 2017, the trial court denied Walton's motion.  Walton then filed a notice of appeal on June 30, 2017.  We, however, lack jurisdiction for two reasons.

First, a notice of appeal must be filed within 30 days of entry of the order sought to be appealed.  OCGA § 5-6-38 (a).  The proper and timely filing of a notice of appeal is an absolute requirement to confer jurisdiction on this Court.  *Rowland v. State*, 264 Ga. 872, 872 (1) (452 SE2d 756) (1995).  Because Walton filed his notice of appeal 31 days after entry of the trial court's order, his appeal is untimely.

Second, a direct appeal may lie from an order denying a motion to vacate or correct a void sentence only if the defendant raises a colorable claim that the sentence is, in fact, void.  *Harper v. State*, 286 Ga. 216, 217, n. 1 (686 SE2d 786) (2009); *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009).  "Motions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides."  *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013).  When a sentence is within the statutory range of

punishment, it is not void. *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004).

Walton argues in his motion to correct void sentences that: (i) the trial court failed to exercise its discretion to impose sentences below the statutory maximums; (ii) the state failed to provide clear notice of its intent to use prior convictions in aggravation; (iii) the state did not inform him of a new statute allowing for a sentence of life without parole; and (iv) his conviction for kidnapping should be vacated. Walton, however, does not claim that his sentences fell outside the statutory range of punishments. Furthermore, as to Walton's notice arguments, "[s]uch notice requirements are procedural and not substantive in nature. And the failure to adhere to such procedures . . . does not render sentences imposed without such procedures 'void' so as to secure direct appellate review subsequent to the first appeal." *Ward v. State*, 299 Ga. App. 63, 64-65 (682 SE2d 128) (2009) (punctuation and citations omitted); see also *von Thomas*, supra at 572-573 (2). Finally, as to the kidnapping argument, "a petition to vacate or modify a judgment of conviction is not an appropriate remedy in a criminal case," *Harper*, 286 Ga. at 218 (1), and any appeal from an order denying or dismissing such a motion must be dismissed, see id. at 218 (2); see also *Roberts v. State*, 286 Ga. 532, 532 (690 SE2d 150) (2010). Because Walton has not raised a valid void-sentence claim, he is not entitled to a direct appeal.

For these reasons, this appeal is hereby DISMISSED for lack of jurisdiction.



Court of Appeals of the State of Georgia
Clerk's Office, Atlanta,  08/29/2017
I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.
Witness my signature and the seal of said court hereto affixed the day and year last above written.


, *Clerk.*