**Leo F. KREILING, Petitioner-Appellant,**

**v.**

**H. V. FIELD, Respondent-Appellee.**

**No. 23593.**

United States Court of Appeals, Ninth Circuit.

Sept. 14, 1970.

York, et al., 5th Cir., 1970, 431 F.2d 409, Part I.

M. Van Smith (argued) Atty., Santa Clara, Cal., for appellant.

Mark Leicestor (argued) Deputy Atty. Gen., Stanton Price, Larry Ball, Deputy Attys. Gen., Thomas C. Lynch, Atty. Gen., Wm. E. James, Asst. Atty. Gen., Los Angeles, Cal., for appellee.

Before HAMLEY and KOELSCH, Circuit Judges, and SMITH *, District Judge.

PER CURIAM:

Petitioner was convicted in a Superior Court of California by a jury verdict of maliciously obstructing a telephone apparatus, in violation of Cal. Penal Code § 591.[1] The judgment was affirmed on appeal. Post-conviction relief was sought in the state court and denied. A petition for a writ of habeas corpus was denied by order of the United States District Court. This appeal is from that order.

Three grounds for relief are asserted. ▮ Petitioner claims that his five year sentence (to be served concurrently with other sentences) for tampering with a public telephone and making it inoperative is cruel and unusual punishment. The claim of cruel and unusual punishment is supported by an argument that all that petitioner did was to move two levers inside a telephone a fraction of an inch without permanently damag-

---

\* Hon. Russell E. Smith, Chief United States District Judge, District of Montana, sitting by designation.

1. "A person who unlawfully and maliciously takes down, removes, injures or obstructs any line of telegraph or telephone, or any other line used to conduct electricity, or any part thereof, or appurtenances or apparatus connected therewith, or severs any wire thereof, or makes any unauthorized connection with any line, other than a telegraph or telephone line, used to conduct electricity, or any part thereof, or appurtenances or apparatus connected therewith, is punishable by imprisonment in the state prison not exceeding five years, or by a fine not exceeding five hundred dollars ($500), or imprisonment in the county jail not exceeding one year."

ing the instrument. The argument ignores the fact that the public has a vital interest in the maintenance of quick communicative facilities and that the impairment of those facilities might have most serious results. It is the legislature's function to fix the punishment for crimes (Bailey v. United States, 74 F.2d 451 (10 Cir. 1934) and courts will not interfere under the Eighth or Fourteenth Amendment unless the punishment prescribed is manifestly cruel and unusual. The law here which fixes no minimum, but permits a maximum up to five years, is not manifestly cruel or unusual and the action of the court in imposing the maximum was not cruel and unusual in view of petitioner's prior felony conviction (*See* Kendrick v. United States, 99 U.S.App.D.C. 173, 238 F.2d 34 (1956)) and the fact that the sentence was to be served concurrently with other sentences.

■ It is urged that Cal. Penal Code § 591 is unconstitutionally vague because, to quote from appellant's brief, "the term 'obstruct' is unconstitutional because it fails to distinguish between conduct that is calculated to harm and that which is essentially innocent." Appellant argues that the essentially innocent act of leaving a phone off a hook may constitute an act of obstruction. We agree, and we believe that the word "obstruct" embraces any act which in fact obstructs. An act however ceases to be essentially innocent when done maliciously.

Petitioner urges that his Fourteenth Amendment right to the effective assistance of counsel was denied because counsel did not request an instruction submitting to the jury the misdemeanor of maliciously injuring personal property² as a lesser included offense. This attack on petitioner's appointed trial counsel is fective representation were made in the new here. Many other charges of inef- District Court. The District Judge found that defense counsel made a bona

fide effort to defend petitioner, understood the relevant law and invoked all available legal defenses. The record supports this finding.

■■ We do not pass upon the question of whether Cal. Penal Code § 594 is a lesser offense embraced within § 591. The question has not been decided in California. If it is, however, the failure to request that the lesser offense be submitted to the jury does not reach constitutional proportions. We hold that one is not denied the right to the effective assistance of counsel simply because in the after light it appears that some argument might have been made or some position might have been taken which might have produced a different result. The rule is stated in Brubaker v. Dickson, 310 F.2d 30 (9 Cir. 1962) as follows:

"This does not mean that trial counsel's every mistake in judgment, error in trial strategy, or misconception of law would deprive an accused of a constitutional right. Due process does not require 'errorless counsel, and not counsel judged ineffective by hindsight, but counsel reasonably likely to render *and rendering* reasonably effective assistance.' Determining whether the demands of due process were met in such a case as this requires a decision as to whether 'upon the whole course of the proceedings,' and in all the attending circumstances, there was a denial of fundamental fairness; it is inevitably a question of judgment and degree",

and it was not offended here.

We have examined the other complaints which are contained in petitioner's pro se brief but eliminated in a subsequent brief filed by his counsel. These complaints were considered by the District Court and rejected. Obviously they have no merit.

The order denying the petition for a writ of habeas corpus is affirmed.

---

2. "Every person who maliciously injures or destroys any real or personal property not his own, in cases otherwise than specified in this Code, is guilty of a misdemeanor."