**UNITED STATES of America ex rel. Henry David HAYES**

v.

**Frank C. JOHNSTON, Superintendent.**

**Misc. No. 69–587.**

United States District Court, E. D. Pennsylvania.

Aug. 4, 1971.

Henry David Hayes, in pro. per.

Arlen Specter, Dist. Atty. for Philadelphia County, David Richman, Asst. Dist. Atty., Philadelphia, Pa., for respondent.

## MEMORANDUM AND ORDER

BODY, District Judge.

Before the Court is the petition of Henry David Hayes for a writ of habeas corpus.

Relator was indicted by a Philadelphia County Grand Jury (No. 1291, December Sessions, 1968) on charges of burglary of an automobile, larceny, and receiving stolen goods. He was tried before the Honorable Herbert S. Levin, after waiver of a jury trial, on February 7, 1969, and was adjudged guilty. He was sentenced to imprisonment for a term of one to five years.

Relator filed a petition under the Pennsylvania Post-Conviction Hearing Act [PCHA], 19 Pa.Stat.Ann. § 1180–1 et seq. (Supp.1971) in which he alleged that he was not advised of his right to appeal with appointed counsel, and that his trial counsel was ineffective because that counsel stipulated, without first obtaining relator's consent, to the testimony of the vehicle owner were he called upon to testify. A hearing was held on the petition before the Honorable Theodore B. Smith on September 2, 1969. Judge Smith dismissed the petition with respect to the claim of ineffective counsel, but granted relator the right to file post-trial motions, nunc pro tunc, since the Commonwealth conceded Hayes had not been informed of his right to appeal.

On October 16, 1969 Judge Smith dismissed relator's motions for a new trial and in arrest of judgment. The Superior Court affirmed judgment of sentence. Commonwealth v. Hayes, 216 Pa.Super. 784, 261 A.2d 114 (1970). The Supreme Court denied allocatur on April 27, 1970, No. 7–A, Miscellaneous Docket No. 18.

In his present petition for habeas corpus in this Court relator makes four allegations of error entitling him to relief:

1) Denial of his right to appeal

2) Denial of assistance of counsel at preliminary hearing

3) Denial of assistance of counsel at trial and sentencing

4) Denial of effective assistance of counsel in that counsel stipulated, without first obtaining relator's consent, to the testimony of a witness who could have been called to testify

### 1) *Denial of his right to appeal*

■ There is no merit to this claim since relator was granted the right to appeal, nunc pro tunc, by the PCHA court. Relator does not indicate, nor can we discern, any prejudice resulting from the delay in his appeal. United States ex rel. Roundtree v. Powell, Civ. Action No. 70–3449 (E.D.Pa., May 19, 1971).

### 2) *Denial of the assistance of counsel at preliminary hearing*

■ Relator has also alleged that he was denied his constitutional right to counsel at his preliminary hearing. We note that both relator's preliminary hearing and trial occurred before the United States Supreme Court decision in Coleman v. Alabama, 399 U.S. 1, 90 S.Ct. 1999, 26 L.Ed.2d 387 (1970), in which the Court held that " * * * the guiding hand of counsel at the preliminary hearing is essential to protect the indigent accused against an erroneous or improper prosecution."[1] It is now settled law in this Circuit that *Coleman* should not be applied retroactively. United States ex rel. Walker v. Maroney, 444 F.2d 47 (3d Cir. 1971).[2] Hence the right to counsel enunciated in that decision was not applicable to our relator at the time of his preliminary hearing.

### 3) *Denial of assistance of counsel at trial and at sentencing*

■ In an amendment to his initial habeas corpus petition, relator has alleged that his trial counsel was appointed just moments before his trial was to begin, and that his counsel was unprepared to defend relator at trial. Relator contends that this kind of representation is in effect a trial without a defense counsel. We note upon a review of the record that relator has failed to exhaust his state remedies with respect to this claim and, accordingly, we will not grant him relief on the basis of this allegation.

### 4) *Denial of effective assistance of counsel in that defense counsel stipulated, without first obtaining relator's consent, to the testimony of a witness who could have been called to testify*

■ At relator's trial defense counsel stipulated to the fact that the owner of the car, a Mr. Doyle, would have testified to the fact that he was in fact the owner of the car, that he had had custody of the car, and that he had given no one permission to unlock the car or take a spare tire. N.T. 7–8.[3] This stipulation was made without relator's consent. P.C.H.A. N.T. 7, 10.[4] The arresting officer had testified to observing relator in the rear seat of Mr. Doyle's car. N.T. 6. Relator appears to make two claims with respect to this stipulation that he was denied the right to be confronted with the witness against him, and that counsel's actions resulted in his receiving ineffective assistance of counsel.

This issue is not free from doubt, but we do believe that relator has not point-

1. 399 U.S. 1, 9, 90 S.Ct. 1999, 2003 (1970).

2. See also Phillips v. North Carolina, 433 F.2d 659 (4th Cir. 1970) ; Konvalin v. Sigler, 431 F.2d 1156 (8th Cir. 1970).

3. Notes of Testimony, Trial.

4. Notes of Testimony, Post-Conviction Hearing. Since relator was accorded a full and fair hearing in the state court, we find it unnecessary to hold a hearing in this Court, and will rely on the transcript of the state court hearing. Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963).

ed out any error of constitutional dimensions which would allow this Court to grant the writ.

Counsel's decision here was not made in a vacuum. He felt he was before a judge who would not deal harshly with relator. P.C.H.A. 13. He had satisfied himself that the Commonwealth could prove its case; and that Mr. Doyle did exist. P.C.H.A. 14. Counsel also noted that stipulating ownership in felonies of this type was a common practice. P.C. H.A. N.T. 13. Counsel's decision here can thus be said to be reasonable and an aspect of proper trial strategy. His representation was within the normal competency standard articulated in Moore v. United States, 432 F.2d 730 (3d Cir. 1970).

Relator places great stress on the fact that counsel had not obtained his consent to the stipulation. Counsel need not consult his client on all matters of trial strategy, nor need he consult with his client when he determines as a matter of trial strategy that waiver of certain of defendant's rights is appropriate. This is especially true where an attorney is representing a client who is semi-literate or untutored in the law and who is thus unlikely to know where his best interests lie in a court proceeding. Whitus v. Balkcom, 333 F.2d 496 (5th Cir. 1964); see Henry v. Mississippi, 379 U.S. 433, 85 S.Ct. 564, 13 L.Ed.2d 408 (1965). Specifically, the Sixth Amendment right of confrontation may be waived by defense counsel without consultation with his client where counsel is proceeding under a reasonable trial strategy. Poole v. Fitzharris, 396 F.2d 544 (9th Cir. 1968); United States ex rel. Cornitcher v. Rundle, 285 F.Supp. 625 (E.D.Pa. 1968), aff'd 406 F.2d 773 (3d Cir. 1969).[5] Hence, to the extent that defense counsel by his stipulation did waive relator's right of confrontation, relator cannot now complain where counsel acted, as we believe counsel here did act, according to a reasonable trial strategy.

Accordingly, we must deny relator's request for the writ of habeas corpus.

---

5. Britton v. State of Maryland, 298 F. Supp. 641 (D.Md.1969), based on somewhat different facts, is not in conflict with our case. There, the prosecution sought to introduce the transcript of a key witness at a previous trial since that witness was out of the country at the time of the later trial. The defense counsel objected. The habeas court there held "that under the circumstances of this case—in which the incriminating evidence of the State consisted of the testimony of one young boy and in which the other witness could make no identification —the State was required to make a good faith effort to secure his presence as a prerequisite to its using a transcript of his testimony as evidence. Its failure to make that good faith effort denied Britton his right of confrontation." 298 F.Supp. at 647. The court had earlier talked about the significance of demeanor evidence in its case and drew a distinction between different kinds of witnesses.

"When the testimony of a particular witness supplies only a minor link in the prosecution's case and there is no reason on the surface to doubt that witness' veracity and his ability to observe and remember, then the relative weight to be attached to his demeanor may be only minor and the importance of the credibility factor may be diminished. On the other hand, when the witness' testimony forms a substantial part of the incriminating evidence, or when there is substantial doubt as to his capacity to observe and remember, then observations by the trier of fact of the demeanor and credibility of that witness may well tip the scales in the case. It is the latter situation which is present here." 298 F. Supp. at 646. The former example is represented by our present case: Doyle, the car owner, represented only a "minor link"—although admittedly a necessary one—in the prosecutor's case.