**Robert HAYWARD, Plaintiff-Appellant,**

v.

**Walter T. STONE, Superintendent, Respondent-Appellee.**

**No. 74-3444.**

United States Court of Appeals, Ninth Circuit.

Dec. 11, 1975.

## OPINION

Before BROWNING and WRIGHT, Circuit Judges, and ANDERSON,* District Judge.

PER CURIAM:

On an earlier appeal in this habeas corpus proceeding, we remanded for further proceedings in the district court and expressed no opinion on the merit of Hayward's claim. *Hayward v. Stone,* 496 F.2d 844 (9th Cir. 1974).

Upon remand, the district court issued an order to show cause, the respondents

---

* Honorable J. Blaine Anderson, United States District Judge for the District of Idaho, sitting by designation.

filed a return and lodged copies of the reporter's and clerk's transcripts on appeal of Hayward's 1968 state court trial. Petitioner filed a traverse in opposition to the respondent's return.

Hayward was convicted in state court of robbery with great bodily injury and assault with a deadly weapon. In his brief herein, appellant "acknowledges the fact that the record divulged that the victim had been shot."

But Hayward's habeas corpus petition alleges that he was denied effective aid and assistance of counsel on appeal in that counsel did not argue to the California appellate courts that the trial judge's failure to instruct the jury *sua sponte* on what constituted "great bodily injury" was reversible error.

The district court, in rejecting the incompetent counsel argument, noted that Hayward's former counsel on appeal vigorously and competently argued for reversal. It was concluded that the petitioner had failed to prove that the service of counsel was of such caliber as to render the representation a farce or mockery of justice. *Vargas v. United States*, 455 F.2d 501, 502 (9th Cir. 1972).

The California appellate decision upon which petitioner relies, *People v. Richardson*, 23 Cal.App.3d 403, 100 Cal.Rptr. 251 (1972), was decided a year and a half after Hayward's conviction was affirmed by the California Court of Appeal.

The failure of petitioner's appellate counsel to anticipate a modification in California law, occurring some 18 months after the disposition of the appeal, fell far short of establishing that counsel did not render reasonably effective assistance. *Smith v. United States*, 446 F.2d 1117, 1119 (9th Cir. 1971); *Kreiling v. Field*, 431 F.2d 502, 504 (9th Cir. 1970); *Kruchten v. Eyman*, 406 F.2d 304, 312 (9th Cir. 1969), *modified* on other grounds, 408 U.S. 934, 92 S.Ct. 2853, 33 L.Ed.2d 748 (1972); *Brubaker v. Dickson*, 310 F.2d 30, 37 (9th Cir. 1967), *cert. denied*, 372 U.S. 978, 83 S.Ct. 1110, 10 L.Ed.2d 143 (1963)

The order of the district court is affirmed.