Ozzie MAYNOR, Jr., Petitioner,

v.

Calvin E. GREEN, Warden, Wayne Correctional Institution, Respondent.

No. CV 281–69.

United States District Court,
S. D. Georgia,
Brunswick Division.

April 5, 1982.

Ozzie Maynor, Jr., pro se.

Don A. Langham, Asst. Atty. Gen., Atlanta, Ga., for respondent.

## ORDER

ALAIMO, Chief Judge.

The case is presently before this Court on a motion by the petitioner for the appointment of a new counsel following the withdrawal of the previously appointed counsel. It appearing that the withdrawn counsel has adequately briefed the legal issues on behalf of the petitioner and that an evidentiary hearing is unnecessary,[1] representation by counsel is no longer required prior to this Court's rendition of a decision on the petition for habeas corpus relief. Accordingly, the motion for the appointment of new counsel should be, and is, hereby DENIED. A discussion of the merits of the case follows.

## FACTS

On January 14, 1977, the petitioner was convicted of murder pursuant to Georgia Code Section 26–1101 in the Chatham County, Georgia Superior Court and sentenced to life imprisonment. After exhausting his state remedies, he filed a petition for federal habeas corpus relief under 28 U.S.C. § 2254. Petitioner alleged that such relief was justified because he was denied effective assistance of counsel, because the trial court committed constitutional error in disallowing evidence of specific acts as to the victim's bad reputation for violence and because the evidence was insufficient to sustain a murder conviction.

On October 6, 1981, this Court entered an Order denying petitioner's claim for habeas corpus relief. Thereafter, petitioner filed a motion to vacate that Order so that he could submit an amended brief on the issues. The motion was granted and said brief was filed on November 23, 1981. Counsel for the petitioner then filed a motion to withdraw as the attorney of record citing a breakdown in communications and a suggestion of mistrust as the grounds for the motion. The motion was granted on January 19, 1982.

The amended brief in support of the petition for habeas corpus relief concentrates on the issue whether Ozzie Maynor was denied the effective assistance of counsel due to the failure of his trial attorney to request an instruction on voluntary manslaughter—a lesser-included offense to murder. A hearing on this issue is requested. In this Order, this Court will again address the effective-assistance-of-counsel issue[2] and *reinstates* the Order of October

---

1. An evidentiary hearing in this case is unnecessary because, even if the facts as alleged by the petitioner occurred, habeas corpus relief would still not issue.

2. It is the opinion of this Court that the ineffective-assistance-of-counsel claim is the only issue that merits any further discussion.

6, 1981, with respect to the other allegations in support of the petition for habeas corpus relief.

## DISCUSSION

Counsel for the petitioner rather extensively argues that, given the evidence introduced at trial, should trial counsel have requested a charge on voluntary manslaughter the trial court would have been required by Georgia law to so charge. *See Bailey v. State,* 240 Ga. 112, 239 S.E.2d 521 (1977). For the purposes of this Order, it will be assumed that the petitioner was entitled to the charge, if requested.

1. *Failure to request a voluntary manslaughter charge*

In assuming that the evidence warranted a voluntary manslaughter charge as well as a murder charge, it must be initially determined whether the failure to request such a charge by itself amounts to a denial of effective assistance of counsel.

█ The failure of counsel to request that a charge on a lesser-included offense [3] be submitted to the jury has been held not to rise to the level of a constitutional violation. *Kreiling v. Field,* 431 F.2d 502, 504 (9th Cir. 1970). *See also Rawlins v. Craven,* 329 F.Supp. 40 (C.D.Cal.1971). Further, it is not a federal constitutional error—and, therefore, not a proper claim upon which federal habeas corpus relief may be granted—for a trial judge to deny a request to charge on a lesser-included offense. *See Easter v. Estelle,* 609 F.2d 756, 758 (5th Cir. 1980); *James v. Reese,* 546 F.2d 325, 327 (9th Cir. 1976); *Bonner v. Henderson,* 517 F.2d 135, 136 (5th Cir. 1975); *DeBerry v. Wolff,* 513 F.2d 1336, 1339 (8th Cir. 1975); *Grech v. Wainwright,* 492 F.2d 747, 748 (5th Cir. 1974). Thus, it is apparent that a defendant is not constitutionally entitled to a charge on a lesser-included offense and, accordingly, the mere failure to request such a charge does not *by itself* demand a finding that petitioner was denied effective assistance of counsel.

2. *Duty to consult*

Petitioner next asserts that he was denied effective assistance of counsel because his trial attorney failed to consult with him before deciding not to request a charge on voluntary manslaughter.

It has been held that counsel has an affirmative duty to consult with his client with respect to various aspects of the trial. " 'Counsel should discuss fully potential strategies and tactical choices with his client,' unless it is infeasible or the decision involves legal issues too complex for a layman to comprehend." *United States v. Moore,* 529 F.2d 355, 358 (D.C.Cir.1976). This duty was further explained by the court in *Gaines v. Hopper,* 430 F.Supp. 1173 (M.D.Ga.1977), aff'd, 575 F.2d 1147 (5th Cir. 1978):

> A defendant who pleads guilty is entitled to be advised by an attorney familiar with the facts and law of his case who discusses the case with him and explains the essential elements of the charged crime, the facts which must be shown to establish those elements, and possible defenses ... Certainly a defendant who exercises his right to a trial is entitled to no less consultation.

*Id.* at 1179–80 n.13.

█ A review of the case law in this area leads this Court to conclude that the duty to consult is designed to insure that a defendant's counsel fulfills two basic functions: an investigative function and an informative function. As to the latter, it is desirable for counsel to inform his client adequately on the law and facts of the case so that the client can make, where applicable, a knowing and intelligent waiver of his constitutional rights. For example, in *Mendenhall v. Hopper,* 453 F.Supp. 977 (S.D.Ga. 1978), aff'd, 591 F.2d 1342 (5th Cir. 1979), the court was concerned that the defendant understand that in pleading guilty he was waiving a number of his constitutional rights.

---

**3.** Voluntary manslaughter is a lesser-included offense to murder. *See Torley v. State,* 141 Ga.App. 366, 233 S.E.2d 476 (1977); Ga.Code Ann. §§ 26–1101, 26–1102 (1978).

[Counsel] must ascertain whether the plea is entered voluntarily and knowingly and must actually and substantially assist the client in deciding whether to plead guilty by providing an understanding of the law in relation to the facts. His advice need not be perfect but it must be reasonably competent *so as to permit the accused to make an informed and conscious choice.*

*Id.* at 986 (emphasis added). *See also United States ex rel Turner v. Cuyler,* 443 F.Supp. 263 (E.D.Pa.1977), *aff'd,* 595 F.2d 1215 (3rd Cir. 1979). To a lesser extent, the informative function is designed to enable a defendant to participate in his defense. "Effective representation further requires that the lawyer discuss the results of his investigation with his client, explain the legal consequences of it, and consult with the client on possible approaches to the case so that the client has some reasonable understanding of his situation." *Gaines v. Hopper,* 430 F.Supp. 1173, 1178 (M.D.Ga. 1977), *aff'd,* 575 F.2d 1147 (5th Cir. 1978).

■ The importance of consultation with one's client to the former function, to wit, that counsel adequately investigate and thereby adequately prepare for the case, was underscored by the court in *Baty v. Balkcom,* 661 F.2d 391 (5th Cir. 1981). Therein, the court granted habeas corpus relief on the basis that the attorney was inadequately prepared for trial.

As noted earlier, [counsel] conducted no investigation prior to trial, apparently did not read the transcript of the preliminary hearing, interviewed no witnesses despite conceding that some interviews might have aided his client, and *communicated with his client only briefly before trial.*

*Id.* at 395. Thus, consultation is a particularly useful method of pretrial investigation. Where there is little or no consultation, and it is apparent that consultation could have led to information that would have affected counsel's decision-making process, effective assistance of counsel is denied.

■ The mere failure of counsel to consult with a client prior to making a tactical decision, however, is not alone sufficient grounds for habeas corpus relief. For example, in *United States ex rel Hayes v. Johnston,* 330 F.Supp. 1115 (E.D.Pa.1971), the court held that habeas corpus relief was not available on the basis of an unconsulted decision of trial counsel to dispense with the cross-examination of an adverse witness. The court noted, "Counsel need not consult his client on all matters of trial strategy, nor need he consult with his client when he determines as a matter of trial strategy that waiver of certain of defendant's rights is appropriate." *Id.* at 1118. Similarly, in *United States ex rel Turner v. Cuyler,* 443 F.Supp. 263 (E.D.Pa.1977), *aff'd,* 595 F.2d 1215 (3rd Cir. 1979), the court held that the petitioner was bound by the decision of his counsel to waive closing argument. Finally, in *United States v. Hearst,* 466 F.Supp. 1068 (N.D.Cal.1978), *modified on other grounds,* 638 F.2d 1190 (9th Cir. 1980), *cert. denied,* 451 U.S. 938, 101 S.Ct. 2018, 68 L.Ed.2d 325 (1981), the court held that the unconsulted decisions of counsel to try the case in San Francisco (despite extensive pretrial publicity) and to present the defendant's testimony were not proper grounds for habeas corpus relief.

■ The conclusion that can be gleaned from an examination of the foregoing cases is that, where the lack of consultation reflects an unknowing waiver of the petitioner's constitutional rights, other than those necessitating immediate decisions such as the right to confront witnesses, or evinces a less-than-adequate investigation or preparation for trial, then habeas corpus relief is appropriate. Conversely, where neither deficiency is apparent, habeas corpus relief based on a failure to consult is not appropriate.

■ An examination of the trial transcript in this case reveals that, even if trial counsel failed to consult with the petitioner before waiving the charge on the lesser-included offense, there was no violation of

the duty to consult.[4] First, as stated, the right to a charge on a lesser-included offense is not a federal constitutional right. *See Kreiling v. Field, supra.* Second, trial counsel's conduct at the trial manifests a thorough knowledge of the facts and law of the case and a more than adequate trial presentation. Thus, there is no evidence that the lack of consultation, if any, either reflected a lack of investigation or caused an unknowing waiver of a constitutional right by the petitioner. Accordingly, habeas corpus relief based on an alleged violation of the duty to consult is not warranted.

### 3. *Reasonably effective counsel*

As a final consideration, this Court must determine whether petitioner received effective assistance of counsel when his trial attorney decided not to request a charge on voluntary manslaughter.

The standard against which the performance of counsel is to be measured is well established:

A defendant has a constitutional right to counsel reasonably likely to render and reasonably rendering effective assistance . . . Effective counsel need not, however, be errorless counsel, nor should counsel be judged ineffective solely by hindsight.

*Baty v. Balkcom,* 661 F.2d 391, 394 (5th Cir. 1981) (Former Fifth). In applying this standard, the Court is directed to base its decision on the totality of the circumstances:

A review of Fifth Circuit law indicates that this Court's methodology involves an inquiry into the actual performance of counsel in conducting the defense and a determination whether reasonably effective assistance was rendered *based on the totality of circumstances and the entire record.* This Circuit does not blindly accept speculative and inconcrete claims of "what might have been if." If an appli-

cant can point to specific examples of ineffectiveness, we have not hesitated to grant a new trial or hearing.

*United States v. Gray,* 565 F.2d 881, 887 (5th Cir.), *cert. denied,* 435 U.S. 955, 98 S.Ct. 1587, 55 L.Ed.2d 807 (1978) (emphasis added).[5] *See also Washington v. Estelle,* 648 F.2d 276, 279 (5th Cir. 1981). It should be noted, however, that "[s]ometimes a single error is so substantial that it alone causes the attorney's assistance to fall below the sixth amendment standard." *Nero v. Blackburn,* 597 F.2d 991, 994 (5th Cir. 1979) (failure to object to comments by prosecutor on defendant's prior convictions).

In this case, petitioner contends that the decision by trial counsel to waive the voluntary manslaughter charge was unreasonable in light of the facts introduced at trial. Trial counsel, however, was aware that the charge was available but nevertheless chose to waive it. *See Transcript at 134, 204–05.* Accordingly, his decision to dispense with the charge was a matter of trial strategy, not an uninformed error by trial counsel. "[I]f an attorney makes a reasonable tactical decision . . . his action will not constitute ineffective assistance of counsel." *Nero v. Blackburn, supra. Accord Baldwin v. Blackburn,* 653 F.2d 942, 946 (5th Cir. 1981); *Guzzardo v. Bengston,* 643 F.2d 1300, 1305 (7th Cir.), *cert. denied,* 452 U.S. 941, 101 S.Ct. 3085, 69 L.Ed.2d 955 (1981); *McBryar v. McElroy,* 510 F.Supp. 706, 711 (N.D.Ga.1981); *Coates v. Maryland,* 436 F.Supp. 226, 230 (D.Md.1977) ("Mere hindsight quibbling over trial tactics is not a sufficient basis to warrant post conviction or habeas corpus relief.").

A review of the trial transcript convinces this Court that the tactical decision by trial counsel to dispense with the charge on voluntary manslaughter was not unreasonable. Counsel apparently sought to have the case submitted to the jury on a "murder or nothing" charge in order to

---

**4.** The state habeas corpus court found that consultation did, in fact, take place between petitioner and his counsel with respect to the decision to waive the voluntary manslaughter charge.

**5.** Of course, Fifth Circuit cases retain their precedential value in this circuit. *See Bonner v. City of Prichard, Alabama,* 661 F.2d 1206 (11th Cir. 1981).

prevent a compromise verdict. *See* Transcript at 204. Further, the assertion of self-defense appeared to be petitioner's best possibility for acquittal. Thus, this Court cannot now hold that the decision of trial counsel to dispense with the lesser-included offense charge was an unreasonable tactical decision. Also, it should be noted, with respect to counsel's overall performance, an examination of the "totality of the circumstances" of petitioner's state trial reveals that he received effective assistance of counsel. Accordingly, the request for habeas corpus relief based on an alleged ineffective assistance of counsel cannot be granted.

## CONCLUSION

It is the conclusion of this Court that the petitioner's allegations in support of the petition for habeas corpus relief are without merit. It follows that the request for federal habeas corpus relief should be, and is hereby, DENIED. The Clerk is directed to enter the appropriate judgment.