762 F.2d 1006
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
FRED M. CHAMBERLAIN, PETITIONER-APPELLANT,
v.
WILLIAM ABSHIRE, SUPERINTENDENT, RESPONDENT-APPELLEE.
 NO. 84-1562
 United States Court of Appeals, Sixth Circuit.
 4/1/85
 ORDER
 
 1
 BEFORE: ENGEL and KRUPANSKY, Circuit Judges; and HULL, Chief District Judge.*
 
 
 2
 Petitioner appeals the district court's February 29, 1984 order denying his habeas corpus petition brought under 28 U.S.C. Sec. 2254. Petitioner has moved for appointment of counsel on appeal. The case has been referred to a panel of the Court pursuant to Sixth Circuit Rule 9(a). Upon examination of petitioner's brief and the record, the panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 3
 Petitioner, a Michigan prisoner, alleged in his habeas corpus petition that the Michigan Supreme Court deprived him of his right to appeal by requiring that he waive counsel before he would be afforded his trial transcripts. This claim is based on the following order, dated July 28, 1965, by the Michigan Supreme Court:
 
 
 4
 On order of the Court, the motion for trial transcript is considered and GRANTED. IT IS ORDERED that the matter is remanded to the Circuit Court of Macomb County to determine the question of indigency and, if found, to furnish such portions of the record as defendant may request, provided defendant, having previously declined the assistance of court-appointed counsel, executes a written waiver of any rights he might now or hereafter claim to have had to the appointment of counsel for post-conviction and appellate proceedings as provided in GCR 1963, 785.4(2).
 
 
 5
 The district court originally denied the petition and petitioner appealed that order. This Court reversed and remanded for development of a record. Chamberian v. Abshire, No. 79-1637 (6th Cir. May 1, 1980). On remand, the district court appointed counsel to represent petitioner and directed respondent to file a response.
 
 
 6
 The documents submitted by the parties reveal that petitioner was tried on a murder charge but the jury was unable to return a verdict. Petitioner was tried again and convicted in 1962. He did not appeal this conviction. Petitioner subsequently attempted to obtain a trial transcript, resulting in the 1965 Michigan Supreme Court order which is the basis of the habeas corpus petition. In 1968, petitioner moved for and was granted a delayed appeal by the Michigan Court of Appeals. He was represented by counsel who had access to the transcript of the second trial. The Michigan Court of Appeals affirmed petitioner's conviction on the merits. The Michigan Supreme Court denied leave to appeal and the United States Supreme Court denied certiorari.
 
 
 7
 We find that the district court did not err in denying the petition. Petitioner was not entitled to habeas relief on the grounds that he was denied the right to appeal when he in fact had a belated appeal in which he was represented by counsel. See Johnson v. Wyrick, 381 F.Supp. 747 (W.D. Mo.), aff'd, 508 F.2d 123 (8th Cir. 1974); United States ex rel. Hayes v. Johnson, 330 F.Supp. 1115 (E.D. Pa. 1971); Via v. Peyton, 306 F.Supp. 1153 (W.D. Va. 1969); Johnson v. Brierley, 301 F.Supp. 1002 (W.D. Pa. 1969), aff'd, 424 F.2d 552 (3d Cir. 1970). Petitioner argues that the appeal was ineffective because his counsel did not have the transcript from the first trial. The only issue in the appeal arguably requiring the transcript from the first trial was that petitioner's trial counsel was ineffective. However, after the petitioner had been afforded a second trial, the conduct of counsel in his first trial was irrelevant. See Johnson v. Wyrick, supra, 381 F.Supp. at 759.
 
 
 8
 Petitioner's argument that he was denied a speedy appeal is also without merit. Although habeas corpus relief may be available because of a state's unjustified delay in processing an appeal, Doescher v. Estelle, 616 F.2d 205 (5th Cir. 1980); Way v. Crouse, 421 F.2d 145 (10th Cir. 1970), petitioner does not allege that his appeal was delayed after it was filed. Also, petitioner does not show any prejudice from the delay, especially since his conviction was affirmed on appeal. See Doescher v. Estelle, supra; United States ex rel. Hayes v. Johnston, supra.
 
 
 9
 The district court in its opinion also held that petitioner's counsel was effective during his second trial. This issue was not raised or briefed by the parties below. Also, petitioner does not challenge the district court's ruling on this issue in his informal brief. Since petitioner did not raise this issue on appeal, and it was neither briefed nor argued below, it should not be considered by this Court. See Hershinow v. Bonamarte, 735 F.2d 264 (7th Cir. 1984); McGruder v. Necaise, 733 F.2d 1146 (5th Cir. 1984); Deane Hill Country Club, Inc. v. City of Knoxville, 379 F.2d 321 (6th Cir. 1967).
 
 
 10
 Accordingly, it is ORDERED that the petitioner's motion for appointment of counsel is denied and the district court's judgment is affirmed. Sixth Circuit Rule 9(d)(3).
 
 
 
 *
 The Honorable Thomas G. Hull, Chief U.S. District Judge for the Eastern District of Tennessee, sitting by designation