## 51104. WILLIAMS v. THE STATE.

PANNELL, Presiding Judge.

Appellant was indicted for robbery and armed robbery. He was tried with two co-defendants on the charge of robbery. A jury returned a verdict of guilty, and appellant was sentenced to twenty years imprisonment. He appeals the judgment of conviction and sentence. *Held:*

1. When the district attorney called the case for trial, he told the prospective jurors that appellant was charged with armed robbery and robbery, gave the dates of the offenses, and gave a description of where they supposedly took place. After voir dire the judge decided to sever the offenses and ordered the district attorney to proceed only on the robbery charge. Appellant had made a motion to sever prior to trial.

At the close of the state's case, appellant made a motion for mistrial based on the prosecutor's statement to the jury that appellant was charged with robbery and armed robbery. The trial court overruled the motion. Appellant urges error in the overruling of said motion. He argues that the prosecutor's statement had the effect of introducing evidence of defendant's character before defendant had chosen to do so, and thereby denied him a fair trial by an impartial jury. See *Brown v. State,* 118 Ga. App. 617 (165 SE2d 185).

We believe the judge acted within his sound discretion in overruling the defendant's motion for mistrial. First, a prosecutor's statement as a case is being called for trial is not evidence in the case. Further, assuming that the statement was prejudicial to

defendant, the following charge cured any prejudice caused thereby: " . . . the defendants in this case are charged with one count, and one count only, of robbery by sudden snatching, and are not charged with any other offense of any nature whatsoever. They only stand accused by this indictment of robbery by snatching. They are not here on trial for any other offense, and *are not accused of any other offense.*" (Emphasis supplied.)

2. Appellant alleges error in the trial court's refusal to grant his motion for continuance. Counsel was appointed by the court on February 20, 1975, and the trial commenced February 24, 1975. Broad discretion is given the presiding judge in granting or refusing to continue trials and "is not to be disturbed unless manifestly abused." *Cannady v. State,* 190 Ga. 227, 229 (9 SE2d 241). In *Cannady,* counsel was appointed less than 24 hours before the trial was commenced. The Supreme Court found no abuse of discretion in the trial judge's failure to grant a continuance. Similarly, there was adequate time provided in the present case for defense counsel to prepare for trial. There was no abuse of discretion in the trial judge's refusal to grant appellant's motion for a continuance.

3. Enumerations of error 4, 5 and 6 concern the in-court identification of the appellant by three witnesses for the state. Appellant made a motion to exclude this identification testimony on the grounds that the in-court identification was tainted by impermissibly suggestive pre-trial photographic lineup procedures. See *Holcomb v. State,* 128 Ga. App. 238 (196 SE2d 330). The trial judge overruled the motion.

Each of the three witnesses was shown eight photographs prior to trial on separate occasions. One of the witnesses identified the appellant and one of the co-defendants as being involved in the robbery. Two of the witnesses identified all three co-defendants. Evidence was introduced showing that the appellant was the only person pictured wearing a prison uniform with stripes visible and wearing a parted hair style similar to that of one of the robbers. Appellant argues that this depiction of him was impermissibly suggestive. The photographs were not introduced into evidence and are not available

for our review on appeal. We are faced with the question of whether a photographic lineup is made impermissibly suggestive by the depiction of a suspect in a striped uniform, wearing a parted hair style similar to that of one of the robbers. We do not believe that these factors, considered in isolation from the actual pictures, support a finding that the photographic lineup was impermissibly suggestive and conducive to irreparable mistaken identifications. Further, the witnesses did not choose only one picture from the group, but identified one or two of the co-defendants in addition to appellant's picture. This tends to show that they were not selecting one picture from the group simply because it was suggestive.

Appellant's remaining arguments regarding the photographic lineup procedure are without merit.

4. The evidence was sufficient to support the verdict of guilty.

*Judgment affirmed. Quillian and Clark, JJ., concur.*

ARGUED SEPTEMBER 4, 1975 — DECIDED OCTOBER 22, 1975.

*Memory & Thomas, Terry A. Dillard,* for appellant.
*Dewey Hayes, District Attorney, M. C. Pritchard, Assistant District Attorney,* for appellee.