## 51415. FAVORS v. THE STATE.

EVANS, Judge.

Defendant was convicted of aggravated assault and sentenced to six years. The first two years were to be served in confinement, and the remaining years were to be served on probation. Motion for new trial was denied, and defendant appeals. *Held:*

The victim had an argument with defendant's son and struck the son and ran his hand in his pocket, whereupon the defendant shot the victim in the back of the legs with a shotgun (T. 56-59). Defendant contended he was justified under the circumstances.

1. On the question of justification, the trial judge charged the jury as follows: "Now, justification, ladies and gentlemen, as a defense must appear from the evidence, not beyond a reasonable doubt, but by the preponderance of the evidence which is a lesser degree of proof. If this offense [sic] is shown by the preponderance of the evidence, it would be the duty of the jury to find the defendant not guilty."

Counsel for the defendant contends this charge placed an impermissible burden upon the defendant and violated his constitutional rights, as held in Mullaney v. Wilbur, —U. S.— (95 SC 81, 44 LE2d 508) (1975). However, the court did not place the burden of proving the defense of justification upon the defendant, which is the basis for the holding in Mullaney, supra, to wit, that by placing the burden of proof upon the defendant the same becomes violative of the defendant's constitutional rights. In charging on justification, the court simply instructed the jury that such a defense "must appear from the evi-

dence," and placed no requirement on either the state or defendant for showing such defense.

2. We find no merit in the complaint that this charge placed an impermissible burden upon the defendant. As this was the sole argument made by defendant in his brief, we find no reversible error.

*Judgment affirmed. Deen, P. J., and Stolz, J., concur.*

ARGUED OCTOBER 29, 1975 — DECIDED NOVEMBER 24, 1975 — REHEARING DENIED DECEMBER 9, 1975 — 

*Guy B. Scott, Jr.,* for appellant.

*Harry N. Gordon, District Attorney, Frederick B. Tyler, Jr., Assistant District Attorney,* for appellee.