## 32733. BAILEY v. THE STATE.

Hill, Justice.

Appellant Whitley Bailey, a/k/a Willie Moore, was convicted by a jury of the murder of his wife and was sentenced to life in prison.

The fact that the defendant shot his wife is not in

dispute although the defendant testified he had no memory of the event. Florence Nowell, who had known the defendant since his childhood, testified that the defendant came to her home about 8:30 on the morning of the shooting carrying a sawed-off shotgun and ammunition. The defendant repeatedly stated to Mrs. Nowell that he was going to kill his wife. The witness overheard the defendant telephone his wife about noon and say he intended to kill her. About 6:30 p.m. the defendant left Mrs. Nowell's house and within five minutes she heard a shot. Other witnesses testified that they saw the defendant leave Mrs. Nowell's house with a gun, enter the yard of his home, shoot his wife and then flee. The defendant went to relative's home and announced that he had killed his wife.

There was testimony for the defense of repeated marital difficulties between the defendant and his wife during their nine-year marriage. The victim frequently separated from the defendant leaving him to look after their children and causing him to miss work and be threatened with the loss of his job, or of his children. She had been in prison and expressed a sexual preference for women. The defendant testified as to these problems and further stated he had been treated for epilepsy and psychiatric problems in Atlanta in 1974.

The state called in rebuttal the Director of Forensic Psychiatric Services at Central State Hospital who had conducted a court-ordered physical and mental examination of the defendant. The physical examination was within normal limits and there was no physiological explanation for the defendant's inability to recall the shooting. The physician testified that in his opinion the defendant either did not remember the event because it was a painful memory, or remembered but did not want to admit it.

1. The defendant urges that he was denied effective assistance of counsel by the trial court's refusal to appoint a different attorney when antagonism developed between the defendant and his court-appointed attorney.

After Legal Aid was appointed to represent the defendant, he said he was going to hire counsel. When the case was first called for trial he had no retained attorney.

Legal Aid was reappointed and secured a continuance. The record indicates that just prior to trial, the defendant stated he did not want to be represented by Legal Aid and that he felt he had the right to other counsel. The court conducted an inquiry into the basis of defendant's dissatisfaction. The Legal Aid people had sent a man from Athens to Atlanta to pick up the defendant's medical and psychiatric records. Upon arriving in Atlanta, the man learned that the defendant's birthdate and social security number were needed. He called Legal Aid in Athens and they called the defendant in jail, but he refused to divulge the needed information. His attorney went to the jail and when he was unsuccessful in getting the information, he swore at the defendant. At the hearing the court stated that the attorney was reprimanded and the attorney apologized to the defendant. The court denied the request for appointment of new counsel, announced that the case would be tried as scheduled, and carefully informed the defendant of the dangers in self-representation. The defendant reluctantly agreed to proceed with his court appointed attorney.

On the day of trial, the defendant informed the court that he again refused to accept representation by Legal Aid; the court then requested that the attorney act as standby counsel over the defendant's objections; after the state presented its first witnesses, the defendant agreed for the attorney to conduct the remainder of the trial, including cross examination of witnesses who had testified.

In all criminal prosecutions, the accused shall enjoy the right to have the assistance of counsel for his defense. U. S. Const. Amendment VI. An indigent defendant accused of crime for which imprisonment is possible has the right to have counsel provided to assist him. Gideon v. Wainwright, 372 U. S. 335 (83 SC 792, 9 LE2d 799) (1963); Argersinger v. Hamlin, 407 U. S. 25 (92 SC 2006, 32 LE 2d 530) (1972). The failure of appointed counsel to render adequate assistance constitutes a denial of the defendant's right to the assistance of counsel. The right under review is the right to the effective assistance of counsel, not the right to the assistance of counsel satisfactory to the defendant. *Strozier v. Hopper,* 234 Ga.

597, 600 (216 SE2d 847) (1975). See United States v. Young, 482 F2d 993 (5th Cir. 1973).

The trial court conducted a hearing as to the basis of the defendant's motion for appointment of new counsel. See Brown v. Craven, 424 F2d 1166 (9th Cir. 1970); United States v. Morrissey, 461 F2d 666 (2d Cir. 1972). The trial court declined to appoint new counsel but did inform the defendant that he could represent himself, although the court cautioned against it. See United States v. Morrissey, supra. There is no showing that the defendant was not provided with reasonably effective assistance of counsel (*Pitts v. Glass,* 231 Ga. 638 (203 SE2d 515) (1974)), and we find no error in the overruling of the motion for appointment of a different attorney to represent the defendant.

2. The defendant also argues that it was error for the trial court to refuse to give defendant's requested charge on voluntary manslaughter. The evidence, however, does not reveal any sudden passion, or any serious provocation resulting in sudden passion, that would support a theory of voluntary manslaughter.

"A person commits voluntary manslaughter when he causes the death of another human being, under circumstances which would otherwise be murder, if he acts solely as the result of a sudden, violent, and irresistible passion resulting from serious provocation sufficient to excite such passion in a reasonable person. . ." Code Ann. § 26-1102.

The state's evidence showed premeditated murder and the defense was insanity. There was no evidence to indicate the defendant even saw his wife during the ten hours immediately preceding the shooting. There was no evidence of "sudden . . . passion" or of serious provocation to cause such passion.

Under the evidence here it was not error to refuse a charge on voluntary manslaughter. *Gillespie v. State,* 236 Ga. 845 (225 SE2d 296) (1976); *Young v. State,* 232 Ga. 285, 290 (206 SE2d 439) (1974); *Williams v. State,* 232 Ga. 203 (206 SE2d 37) (1974). The defendant testified that he could not remember the shooting; no showing of sudden passion resulting from serious provocation could be based on his testimony (*Reeves v. State,* 234 Ga. 896 (1) (218

SE2d 625) (1975); *Brooks v. State,* 227 Ga. 339 (3) (180 SE2d 721); *Burger v. State,* 238 Ga. 171 (2) (231 SE2d 769) (1977)), and the other evidence in the case failed to support such an instruction. The trial judge did not err in refusing to give the requested charge in this case.

*Judgment affirmed. All the Justices concur.*

SUBMITTED SEPTEMBER 9, 1977 — DECIDED NOVEMBER 1, 1977.

*Robert D. Peckham, J. H. Affleck, Jr.,* for appellant.
*Harry N. Gordon, District Attorney, B. Thomas Cook, Jr., Assistant District Attorney, Arthur K. Bolton, Attorney General, John W. Dunsmore, Jr., Assistant Attorney General,* for appellee.