63506. WHATLEY v. THE STATE.

McMurray, Presiding Judge.

Defendant was indicted in three counts for the offenses of aggravated assault, theft by taking and shoplifting (by distraction). He was convicted and sentenced to serve concurrently three 10-year confinement sentences. Defendant appeals. *Held:*

1. The first two enumerations of error complain of the denial of a motion for continuance and the granting of a postponement of only two and one-half hours, based upon the motion for continuance for lack of preparation and to obtain certain witnesses on his behalf, said testimony to be offered by the witnesses being material and necessary to his defense and not interposed for delay but to allow defendant to fully develop his case. The trial court not only granted one postponement but at least two with reference to the effort to obtain the unknown witnesses and to locate a liquor store where the defendant supposedly cashed a check. It is true counsel was appointed for the indigent on Friday, May 22, 1981, before the Memorial Day weekend and the case was called for trial on Tuesday, May 26, 1981, at which time counsel for defendant announced ready, but then after issue was joined made the motion for continuance because of lack of preparation due to his recent appointment. At that time the court offered the resources of the court as well as that of the sheriff to locate certain witnesses and a former detective in an attempt to locate these prospective witnesses who might be able to shed some light upon the circumstances resulting in the arrest of the defendant. We note here that the announcement of ready constitutes a waiver of defendant's right to a continuance. See *Wise v. State,* 146 Ga. App. 194 (1) (246 SE2d 6). Further, the facts advanced to support defendant's motion existed prior to the call of the case and the joining of issue. Also, under Code Ann. § 81-1410 (Ga. L. 1959, p. 342) where the motion for continuance is based upon the absence of a witness it must be shown the witness is absent (the names of the witnesses unknown here); the witness had been subpoenaed (non-existent here); does not reside more than 100 miles from the place of trial by the nearest practical route (unknown); his testimony is material (unknown); and the witness is not absent by the permission, directly or indirectly, of the defendant (permission not granted as witness unknown); the defendant expects he will be able to procure the testimony of the witness at the next term of court (unknown); and the

application is not made for the purpose of delay (true in this instance), but defendant must state the facts expected to be proved by such absent witness (not shown). The statutory requirements of the statute have not been met. As the motion to continue is addressed to the sound discretion of the trial court, this court will not interfere unless it is clearly shown that there has been an abuse of discretion. See *Corbin v. State,* 212 Ga. 231 (1) (91 SE2d 764); *Harris v. State,* 142 Ga. App. 37, 39 (3) (234 SE2d 798). There is simply no merit in these complaints.

The late entry of counsel for the indigent is not a ground for waiving requirements of Code Ann. § 81-1410, supra. Defendant previously had retained counsel as to a reduction of the bond, and no grounds have been shown for further continuance, the case being not a convoluted one with a large number of witnesses or intricate defenses. See in this connection Code § 81-1416; *Williams v. State,* 136 Ga. App. 283, 284 (2) (220 SE2d 778); *Pope v. State,* 140 Ga. App. 643, 644 (231 SE2d 549); *Welch v. State,* 190 Ga. 161 (2) (8 SE2d 645); *Burney v. State,* 244 Ga. 33, 40 (7) (257 SE2d 543).

2. The remaining enumeration of error contends that the trial court erred on its charge on justification by failing to charge as to the quantum of evidence required, said request never having been made in writing but in a conference between court and counsel regarding the charges to be given. The substance of defendant's argument is that the court should have charged that the defendant's claim of justification (with reference to the aggravated assault) should appear from the evidence "not beyond a reasonable doubt but by the preponderance of the evidence which is a lesser degree of proof," and if the defense of justification was shown by the preponderance of the evidence, "it would be the duty of the jury to find the defendant not guilty." *Favors v. State,* 137 Ga. App. 25 (1) (223 SE2d 11). It is doubtful that the trial court understood exactly what the request to charge was under the circumstances, counsel merely making a request that if there was a charge on justification the court was requested to charge "on the quantum of evidence necessary to prove justification." The purpose of the written request to charge as required by Code Ann. § 70-207 (b) (Ga. L. 1965, pp. 18, 31; 1966, pp. 493, 498; 1968, pp. 1072, 1078) requires such desired requests to be in writing in order to inform the court as to the jury instructions to be given. This statute, as amended, refers to all cases both civil and criminal. In this instance counsel failed to make the written request or to fully advise the court as to the exact request to charge. The charge as given was sufficient under the circumstances, and we find no merit in the complaint that he failed to give the quantum of evidence necessary with reference to justification, the court having

fully charged on Code Ann. §§ 26-901 and 26-902 (Ga. L. 1968, pp. 1249, 1272).

*Judgment affirmed. Banke and Birdsong, JJ., concur.*

Decided April 13, 1982.

*Thomas J. Hough, Jr.,* for appellant.
*Thomas Charron, District Attorney, Joe Chambers, Debra H. Bernes, Assistant District Attorneys,* for appellee.