### 38441. ALLEN v. THE STATE.

CLARKE, Justice.

Appellant Allen was convicted of the murder of his stepfather and sentenced to life imprisonment. He appeals and we affirm.

The evidence at trial showed that Allen and his stepfather had a long history of disagreements and altercations. The victim had ejected Allen from the house where they lived approximately one year prior to his death. Allen moved in with his grandmother and later his aunt, occasionally sneaking back to his mother's house to visit her. Allen testified that the victim threatened to kill him on several occasions. About one month before the shooting of the victim, an incident occurred during which the victim reached into a bag which Allen feared might contain a weapon. Allen shot the victim in the leg. After this incident the victim swore out a peace warrant against Allen.

On the day of the fatal shooting, the evidence showed that the victim had just arrived home from work when Allen came into the house. The victim apparently ran toward Allen. A scuffle ensued, and several shots were fired by Allen. The victim died several days later of gunshot wounds. At his trial for murder Allen relied primarily on self-defense.

1. Allen argues that the verdict was contrary to the evidence, against the weight of the evidence, and contrary to principles of equity and justice. We find that the evidence was sufficient to support the verdict under the test set forth in Jackson v. Virginia, 443

U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Accordingly, this enumeration of error is without merit.

2. Allen enumerates as error the trial court's charging the jury as to voluntary manslaughter. Inasmuch as Allen was convicted of murder, no harm resulted from an unrequested charge on voluntary manslaughter. Since Allen has not shown that he was harmed by the charge, we need not reach the question whether there was evidence to support the charge.

3. Also enumerated as error is the trial court's failure to charge the jury as to involuntary manslaughter. We have recently on two occasions reiterated our position in *Crawford v. State,* 245 Ga. 89, 94 (263 SE2d 131) (1980), that "[a] person who causes the death of another human being by the use of a gun allegedly in self-defense will not be heard to assert that although he or she used excessive force, death was not intended and the act was lawful." *Green v. State,* 249 Ga. 369 (290 SE2d 466) (1982); *Donaldson v. State,* 249 Ga. 186 (289 SE2d 242) (1982). This enumeration of error is without merit.

4. Allen complains that limitations upon the testimony of his mother and upon the testimony of Allen himself prevented him from showing his reasonable fear of the victim. He complains (1) that his mother was not allowed to testify as to the demeanor of the victim when drunk, (2) that his attorney was not allowed to ask Allen a leading question about an incident of drunkenness, (3) that he was not allowed to ask a leading question which presupposed that the victim habitually carried a gun in a paper bag, and (4) that he was limited to specific instances where a firearm, weapon, or other object was used to assail the defendant. Two of the four objections relate to the form of the questions asked by Allen. He was not prevented from eliciting the information sought by rephrasing his questions. His attorney was not allowed to question Allen's mother about the demeanor of the victim when drunk because he had not laid the proper foundation under *Milton v. State,* 245 Ga. 20 (262 SE2d 789) (1980).

It is well settled that the reputation of a victim for violence is irrelevant in a murder trial. *Milton v. State,* 245 Ga. 20, supra. An exception to this rule allows evidence of reputation for violence where there is a prima facie showing that the deceased was the assailant, that the deceased assailed defendant and that defendant was honestly seeking to defend himself. *Maynor v. State,* 241 Ga. 315 (245 SE2d 268) (1978); *Curtis v. State,* 241 Ga. 125 (243 SE2d 859) (1978). Evidence of a present assault upon the defendant is also necessary when defendant is attempting to prove prior specific assaults by deceased to demonstrate his reasonable belief that the use of force was necessary in order to defend himself. *Milton v. State,* supra;

*Maynor v. State,* supra.

In the present case the court limited testimony as to prior incidents to those involving use of a weapon or object to assail defendant. "[W]here the defendant has made a prima facie showing of the basis for a reasonable belief that the deceased was reaching for a firearm with the present intention of using it to carry out a death threat recently communicated by the deceased to the defendant, the defendant is entitled to introduce in evidence . . . testimony . . . to prove specific instances in which the deceased had used a firearm or other weapons or objects to assail him." *Milton v. State,* supra at 26. Under this rule the trial court's limitation of testimony as to prior incidents was correct.

The court's ruling that Allen's mother could not testify as to the behavior of the victim when drunk was without error in that the ruling was based on the failure of defendant to lay the foundation required by *Curtis v. State,* supra, before exploring the character and reputation for violence of deceased. Appellant himself, having testified that the victim was the assailant, was allowed to testify as to the victim's heavy drinking and about his behavior while drinking. Appellant does not show how the testimony of his mother would have contributed to his defense beyond the information later allowed.

5. Allen's final enumerations of error, complaining of the court's admitting certain evidence of the state, have not been briefed and are, consequently, deemed abandoned.

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 2, 1982.

*Archer & Elsey, William T. Elsey,* for appellant.
*Darrell E. Wilson, District Attorney, Mickey R. Thacker, Assistant District Attorney, Michael J. Bowers, Attorney General, George M. Weaver, Staff Assistant Attorney General,* for appellee.