## 67687. SHERRELL v. THE STATE.

CARLEY, Judge.

Appellant was indicted and tried for the offenses of driving without a license, driving without no-fault insurance, driving under the influence of alcohol, speeding, and vehicular homicide. He was convicted of driving without a license, driving under the influence of alcohol, and speeding. Appellant appeals from the judgments of conviction and sentences entered on the guilty verdicts.

1. In two separate enumerations of error, appellant contends that the sentences imposed by the trial court for the convictions of driving without a license and speeding are cruel and unusual punishment under the state and federal constitutions. Appellant was sentenced to imprisonment for six months for driving without a valid driver's license, and to imprisonment for six months for speeding. The sentences imposed upon appellant were within the statutory limit. OCGA §§ 40-5-20; 40-6-181; 40-5-120; 40-6-1; 17-10-3.

" 'A sentence is not unconstitutionally cruel and unusual if it is within the statutory limit. [Cit.] This court is without authority to review sentences within the statutory range.' [Cit.]" *Covington v. State,* 157 Ga. App. 371 (277 SE2d 744) (1981).

2. At a Jackson-Denno hearing, the trial court ruled that certain statements made by appellant following his arrest were inadmissible. Subsequently, while on direct examination as a witness for the State, Trooper Ray testified that following arrest, appellant "admitted drinking several beers." Trooper Ray's testimony in this regard was unresponsive to the question which had been propounded to him by the State. The trial court instructed the jury to disregard the testimony, but denied appellant's motion for a mistrial. Appellant enumerates as error the denial of his motion for mistrial.

"Ordinarily, when illegal testimony is placed in evidence, it is not an abuse of discretion to refuse to grant a mistrial if sufficient corrective instructions are given in ruling the testimony out. [Cits.] This is true . . . especially when the testimony is volunteered by the witness and not directly elicited by the [District Attorney]." *Cross v. State,* 136 Ga. App. 400, 403 (221 SE2d 615) (1975).

Furthermore, any possible error was rendered harmless when appellant subsequently testified on cross-examination that he had consumed four beers the day of the automobile collision. Additionally, Trooper Ray testified without objection that he had smelled alcohol on appellant's breath, and the evidence further established that the alcohol content of appellant's blood was .199%. Since the topic of ap-

pellant's consumption of alcohol was subsequently elicited from appellant himself on cross-examination, and was also established without objection through the testimony of others, any error resulting from Trooper Ray's testimony was rendered harmless. See generally *Harper v. Samples*, 164 Ga. App. 511, 513 (3) (298 SE2d 29) (1982); *Clemones v. Ala. Power Co.*, 107 Ga. App. 489 (1) (130 SE2d 600) (1963); *Terry v. State*, 165 Ga. App. 344 (2) (301 SE2d 291) (1983).

*Judgment affirmed. Quillian, P. J., and Birdsong, J., concur.*

DECIDED MAY 3, 1984.

*Charles D. Newberry*, for appellant.
*Joseph H. Briley, District Attorney, Norman R. Miller, Assistant District Attorney*, for appellee.