### 68714. McCRANIE v. THE STATE.
(322 SE2d 360)

POPE, Judge.

After a trial by jury, appellant appeals his conviction of the offense of mutiny in a penal institution. The facts adduced at trial to support the conviction are as follows: On July 30, 1982 two correctional officers were sent to the yard of Georgia State Prison at Reidsville in answer to a report that appellant, an inmate, was in a highly intoxicated and belligerent condition there. One of the officers, Sergeant Lewandowski, took a taser gun with him in answer to the call. Staggering, appellant accompanied the officers part of the way back to their destination, the control room. Along the way, appellant began making threats to "punch out" two of the three guards. He stopped, removed his glasses and began to unbutton his shirt. One officer then grabbed his arms in an attempt to handcuff him. However, before this could be accomplished, appellant began slinging his arms and fighting. In an effort to subdue him, Lewandowski shot appellant with a taser gun.[1] Appellant reacted with even more violence. The struggle continued with appellant being wrestled to the floor and kicking Sergeant Lewandowski in both hands, one of which held the taser gun. As a result, Lewandowski's finger was broken.

1. Although appellant does not raise the general grounds, we find

---

[1] When discharged, this instrument stuns the one "shot" with an electrical shock instead of a bullet. Apparently, at the time of the incident at issue, taser guns were not considered by prison officials to constitute deadly force. They have, however, since been classified as such at the prison.

the evidence more than ample to enable a rational trier of fact to conclude beyond a reasonable doubt that while in the lawful custody of a penal institution the appellant assaulted at least one prison guard with intent to cause serious bodily injury in violation of OCGA § 16-10-54. *Suggs v. State*, 164 Ga. App. 229 (1) (296 SE2d 124) (1982).

2. On appeal, appellant enumerates as error the trial court's refusal to give two written requests to charge. One requested charge was on justification. The other, essentially on self-defense, requested a charge on the doctrine of reasonable fears. See *Williams v. State*, 120 Ga. 870, 873 (48 SE 368) (1904). See generally *Fields v. State*, 167 Ga. App. 816 (3) (307 SE2d 712) (1983).

For two reasons, the trial court properly refused to give both requested charges. First and most important, neither charge was authorized by the evidence. Appellant's testimony, as well as his statement following the incident, showed only one thing: that appellant was drunk and remembered nothing of the incident. "When a requested charge deals with a matter not in issue, it is not error for the trial court to deny the request. *Paxton v. State*, 159 Ga. App. 175 [(282 SE2d 912)] (1981)." *Jones v. State*, 159 Ga. App. 704, 705 (285 SE2d 45) (1981). See also *Maddox v. State*, 152 Ga. App. 384 (2) (262 SE2d 636) (1979).

Additionally, the charge on justification, paradoxically requested by appellant in this instance, impermissibly shifts the burden of proof from the State to appellant on the affirmative defense of justification. Appellant's requested charge reads as follows: "I charge you that justification as a defense must appear from the evidence, not beyond a reasonable doubt, but by the preponderance of the evidence which is a lesser degree of proof. If this defense is shown by the preponderance of the evidence, it would be the duty of the jury to find the defendant not guilty." In *Lett v. State*, 160 Ga. App. 476 (2) (287 SE2d 384) (1981), this court held that a jury instruction given in essentially the same language constituted reversible error. The holding was grounded in the rationale that the use of such language in instructing the jury "charges the burden of proving the defense. Our Supreme Court has ruled that 'charges which place any burden of persuasion upon the defendant in criminal cases shall not be given and such charges will be deemed erroneous and subject to reversal, absent harmless error and invited error.' *State v. Moore*, 237 Ga. 269, 270 (227 SE2d 241) (1976)." *Lett v. State*, supra at 477.[2] See *Perkins v. State*, 151 Ga.

---

[2] We note that in the unusual circumstances presented in this appeal, no reversible error would necessarily have resulted from the trial court's instruction to the jury using the otherwise prohibited language since the charge was requested by appellant and, thus, would have been invited error. See *Helton v. State*, 166 Ga. App. 662 (2b) (305 SE2d 592) (1983).

App. 199 (1) (259 SE2d 193) (1979). Cf. *Harrison v. State*, 251 Ga. 837 (5) (310 SE2d 506) (1984). The contrary holding in *Favors v. State*, 137 Ga. App. 25 (223 SE2d 11) (1975), decided prior to the Supreme Court's opinion in *State v. Moore*, supra, is expressly overruled. Further, any reading of *Whatley v. State*, 162 Ga. App. 106 (2) (290 SE2d 316) (1982), which is inconsistent with this opinion is expressly disapproved.

The trial court committed no error for any reason enumerated in this appeal.

*Judgment affirmed. Banke, P. J., and Benham, J., concur.*

DECIDED SEPTEMBER 20, 1984.

*Jack E. Carney, Jr.*, for appellant.

*Dupont K. Cheney, District Attorney, Claude M. Kicklighter, Jr., Assistant District Attorney*, for appellee.