72746. TAYLOR v. THE STATE.
(348 SE2d 582)

POPE, Judge.

Michael Taylor brings this appeal from his conviction and sentence of mutiny in a penal institution. *Held:*

1. Defendant was charged with violating OCGA § 16-10-24 by throwing boiling water on a prison guard. During cross-examination of the victim, defendant sought to elicit testimony of previous difficulties between them in an apparent effort to support a defense of justification. The trial court sua sponte disallowed this line of questioning. "The victim's general reputation or character for violence has been held to be admissible only when there has been a prima facie showing by the defendant that three elements are present: that the victim was the assailant; that the victim assailed defendant; and that defendant was honestly seeking to defend himself. The rule requiring proof by

the defendant of a prima facie case of present assault by the victim also applies in cases in which the defendant seeks to prove prior specific assaults by the victim upon the defendant to illustrate his contention that he reasonably believed that he had to use deadly force to defend himself. In the case at bar, [defendant] failed to lay the necessary foundation for the testimony he wished to [elicit]; therefore, the trial court's action in limiting [his cross-examination] was correct." (Citations and punctuation omitted.) *Green v. State*, 175 Ga. App. 92, 93 (332 SE2d 385) (1985). See *Allen v. State*, 249 Ga. 486 (4) (291 SE2d 719) (1982). We further note that defendant himself later offered testimony to the same effect as that excluded here. Thus, any possible error in the trial court's ruling was harmless. See generally *Sherrell v. State*, 170 Ga. App. 798 (2) (318 SE2d 221) (1984).

2. The victim testified that at the time of the subject incident he was performing his duties as a member of the Special Intelligence Team at the prison. The trial court sua sponte made inquiry of this witness as to the nature and purpose of this "team." Although defendant asserts on appeal that this evidence was irrelevant and prejudicial, no objection to it was raised at trial. Accordingly, the subject colloquy provides no ground for reversal. See *Almond v. State*, 128 Ga. App. 758 (1) (197 SE2d 836) (1973).

3. Both defendant and the victim testified that there had been a physical altercation between them a week or so before the subject incident. Also, defendant testified that as the victim walked by defendant's cell a short time prior to the incident, the victim had threatened defendant and taken a swing at him through the bars. Defendant testified that the victim a short time later "stopped back by my cell again and when he got there to say something, I threw the water before I knew it." Defendant stated that the victim then became enraged and attempted to get to him, threatening to "kick my butt again for throwing the hot water on him. . . ."

The foregoing circumstances, and other collateral matters cited by defendant, do not provide any evidence of justification. See OCGA § 16-3-20; *Johnson v. State*, 122 Ga. App. 542 (2) (178 SE2d 42) (1970). Therefore, the trial court did not err in refusing defendant's requests to charge on "justification and provocation." *McCranie v. State*, 172 Ga. App. 188 (2) (322 SE2d 360) (1984). Accord *Readd v. State*, 164 Ga. App. 97 (296 SE2d 402) (1982).

*Judgment affirmed. McMurray, P. J., and Carley, J., concur.*

DECIDED SEPTEMBER 3, 1986.

*Joel E. Williams, Jr.*, for appellant.
*Dupont K. Cheney, District Attorney, David C. Walker, Assis-*

*tant District Attorney*, for appellee.