A90A1909. HURST v. THE STATE.
(401 SE2d 348)

SOGNIER, Chief Judge.

Hayward Hurst was charged with ten counts of child molestation and convicted of five of those counts. He appeals.

1. The record reveals that all three molestation victims, ranging in age from nine to 13 at the time of trial, testified in court. Thus, statements made by the children describing the sexual acts committed by appellant were admissible in evidence by the testimony of the persons to whom made. OCGA § 24-3-16. See also *Reynolds v. State*, 257 Ga. 725 (1) (363 SE2d 249) (1988). Accordingly, we find no merit in appellant's first and third enumerations contending error in the admission of testimony by numerous persons to whom the victims had made statements. Appellant raised no objection at trial to the court's failure to make a finding that the victims' statements possessed sufficient indicia of reliability, and thus we will not address that argument made for the first time on appeal. See generally *Brinson v. State*, 191 Ga. App. 151, 152 (3) (381 SE2d 292) (1989).

2. Appellant contends the trial court erred by excluding his evidence concerning the eldest victim's alleged sexual predispositions and prior sexual behavior. The rule is well established that where the testimony does not involve expert testimony or the child abuse syndrome, the past sexual experience of a child is irrelevant to the issue whether molestation was committed by the defendant on trial. *Chastain v. State*, 180 Ga. App. 312, 313 (2) (349 SE2d 6) (1986), aff'd 257 Ga. 54 (354 SE2d 421) (1987). We are not persuaded by appellant's arguments that the facts of this case require a modification of that rule.

3. We have reviewed the evidence adduced at trial, including the testimony of the victims describing the acts of molestation and identifying appellant as the perpetrator of those acts, the testimony by the adults who investigated the eldest victim's disclosure of the molestation, and the expert medical testimony regarding the physical manifestations of the molestation. We find this evidence sufficient to have enabled a rational trier of fact to find appellant guilty of the five counts of molestation under the standard set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). See *Fields v. State*, 194 Ga. App. 149, 150 (1) (390 SE2d 71) (1990). Therefore, we find no error in the trial court's denial of appellant's motion for a new trial.

4. This court will not consider factual allegations in the briefs of parties which are not supported by evidence contained in the record. *Bonds v. State*, 188 Ga. App. 135 (372 SE2d 448) (1988). Since the record reveals that the trial court imposed one sentence for counts 1, 2, 3, and 6, we find no merit in appellant's final enumeration that the trial court erroneously sentenced appellant on each of these counts.

*Judgment affirmed. McMurray, P. J., and Carley, J., concur.*

DECIDED JANUARY 24, 1991.

*Kirbo & McCalley, Thomas L. Kirbo III*, for appellant.
*H. Lamar Cole, District Attorney, Charles M. Stines, Assistant District Attorney*, for appellee.