A91A0363. PHIPPS v. THE STATE.
(406 SE2d 493)

CARLEY, Judge.

Appellant was tried before a jury and found guilty of running a stop sign and failing to have proof of insurance. He appeals pro se from the judgments of conviction and the sentence of confinement entered by the trial court on the jury's guilty verdicts.

In his sole enumeration of error, appellant urges that he was denied due process by being forced to trial without effective assistance

of counsel.

The record reveals that counsel was appointed to represent appellant on three separate occasions. However, each of the three was permitted to withdraw after it was established that appellant had declined to accept counsel's advice, but had insisted that motions be filed and defenses be asserted which were, in counsel's professional opinion, baseless and frivolous. After the third court-appointed attorney was permitted to withdraw on this basis, the trial court found that, by his actions, appellant had made a knowing and voluntary waiver of his right to appointed counsel and ruled that appellant was to represent himself.

"[T]he constitutional guarantees of the benefit of counsel . . . may be waived by action or declaration. [Cits.]" *Bradley v. State*, 135 Ga. App. 865, 866 (1) (219 SE2d 451) (1975). The defendant in a criminal action has "the right to the effective assistance of counsel, not the right to the assistance of counsel satisfactory to the defendant. [Cits.]" *Bailey v. State*, 240 Ga. 112, 114 (1) (239 SE2d 521) (1977). "A defendant is entitled to counsel capable of rendering competent, meaningful assistance in the preparation and trial of the pending charges, including appropriate evaluation and advice with reference to a plea of guilty. A defendant is not entitled to an attorney who agrees with the defendant's personal view of the prevailing law or the equities of the prosecutor's case. A defendant is entitled to an attorney who will consider the defendant's views and seek to accommodate all reasonable requests with respect to trial preparation and trial tactics. A defendant is entitled to appointment of an attorney with whom he can communicate reasonably, but has no right to an attorney who will docilely do as he is told. Every defendant is entitled to the assistance of counsel dedicated to the proposition, and capable of assuring that, the prosecution's case shall be presented in conformity with the Constitution, rules of evidence and all other controlling rules and practices. No defendant has a right to more." *United States v. Moore*, 706 F2d 538, 540 (1-4) (5th Cir. 1983).

The trial court was authorized to find that appellant's insistence upon the appointment of counsel who would accede to his demands and pursue a frivolous and baseless line of defense was "the functional equivalent of a knowing and voluntary waiver of counsel. In such an instance the trial court may proceed to trial with the defendant representing himself." *United States v. Moore*, supra at 540 (5).

*Judgment affirmed. Banke, P. J., and Beasley, J., concur.*

DECIDED MAY 15, 1991 —
REHEARING DENIED JUNE 11, 1991.

Tony L. Phipps, *pro se.*

*Ralph T. Bowden, Jr., Solicitor, Neal R. Bevans, K. Eric Morrow, Cliff Howard, Assistant Solicitors,* for appellee.