A91A2213. MERCIER et al.· v. THE STATE.
(417 SE2d 430)

CARLEY, Presiding Judge.

Appellants Mercier and Nuzum were tried before a jury and found guilty of criminal violations committed in connection with their protest against abortion. They appeal jointly from the judgments of conviction and sentences entered by the trial court on the jury's guilty verdicts.

1. Nuzum has filed no separate enumeration of error or brief. However, this court *never* entered an order, pursuant to Rule 14 (a), directing him to do so. Nothing in Rule 14 (a) of this court authorizes the dismissal of a case wherein this court has itself failed to enter an order directing that an enumeration of errors and brief be filed. Moreover, since Nuzum appeals from a criminal conviction, his failure to file an enumeration of errors and brief, even if he had been ordered to do so, would not result in a dismissal. *Lee v. State*, 203 Ga. App. 487 (417 SE2d 426) (1992).

A review of the record shows that, from the evidence adduced at the trial, the jury was authorized to find proof, beyond a reasonable doubt, of Nuzum's guilt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). In addition, "our independent examination of the record and transcript has revealed no error of law requiring reversal. Accordingly, [Nuzum's] conviction is affirmed." *Allen v. State*, 192 Ga. App. 320, 321 (385 SE2d 29) (1989). See also *Conyers v. State*, 183 Ga. App. 591 (2) (359 SE2d 454) (1987); *DeBroux v. State*, 176 Ga. App. 81 (2) (335 SE2d 170) (1985).

2. Mercier urges that he was denied the assistance of counsel. However, "[t]he trial court's refusal to allow [someone], who is not a member of the State Bar of Georgia, to sit at the defense table during trial [or to conduct the defense] was not a denial of appellant's constitutional right to counsel, nor of any other constitutional right. 'While an accused has a right to representation by an attorney and to represent himself, there is no right to be represented by a non-lawyer third party.' [Cit.]" *Cruickshank v. State*, 258 Ga. 544 (1) (372 SE2d 223) (1988). The trial court was authorized to find that Mercier's re-

jection of the assistance of the public defender, coupled with his insistence upon the appointment of counsel of his own choosing, was " 'the functional equivalent of a knowing and voluntary waiver of counsel. In such an instance the trial court may proceed to trial with the defendant representing himself.' [Cit.]" *Phipps v. State,* 200 Ga. App. 18, 19 (406 SE2d 493) (1991). See also *Turner v. State,* 199 Ga. App. 836 (1) (406 SE2d 512) (1991).

3. Mercier moved to dismiss the accusations because he had been denied physical access to the law library. However, a continuance, and not a dismissal, would be the appropriate remedy for a purported lack of preparation. Mercier expressly declined the opportunity for a continuance and announced ready for trial. "[T]he announcement of ready constitutes a waiver of [Mercier's] right to a continuance. [Cit.]" *Whatley v. State,* 162 Ga. App. 106 (1) (290 SE2d 316) (1982). " 'A defendant will not be allowed to induce an asserted error, sit silently hoping for acquittal, and obtain a new trial when that tactic fails. (Cits.)' [Cit.] 'Induced error is impermissible and furnishes no ground for reversal. (Cit.)' [Cit.]" *Bess v. State,* 187 Ga. App. 185, 189 (5) (369 SE2d 784) (1988).

4. "This court will not consider factual allegations in the briefs of parties which are not supported by evidence contained in the record. [Cit.]" *Hurst v. State,* 198 Ga. App. 380, 381 (4) (401 SE2d 348) (1991). Accordingly, we are unable to consider Mercier's assertion that he was forced to trial while wearing prison garb.

5. Insofar as Mercier questions the correctness of the transcript, "there is nothing for [this] court to review." *Zachary v. State,* 245 Ga. 2, 4 (262 SE2d 779) (1980).

6. Mercier urges that, during the sentencing phase, counsel for the State made an improper comment. However, no objection was raised in the trial court. Insofar as the actual sentence is concerned, it is within the statutory limits and beyond our authority to review. *Sherrell v. State,* 170 Ga. App. 798 (1) (318 SE2d 221) (1984).

7. From the evidence adduced at trial, the jury was authorized to find proof, beyond a reasonable doubt, of Mercier's guilt. *Jackson v. Virginia,* supra.

*Judgments affirmed. Sognier, C. J., McMurray, P. J., Birdsong, P. J., Pope, Cooper and Johnson, JJ., concur. Beasley and Andrews, JJ., concur in part and dissent in part.*

ANDREWS, Judge, concurring in part and dissenting in part.

I concur fully in the opinion and judgment affirming Mercier's conviction. For the reasons stated in my dissent in *Lee v. State,* 203 Ga. App. 487 (417 SE2d 426) (1992), I dissent from the majority's disposition of Nuzum's appeal.

BEASLEY, Judge, dissenting in part.

Mercier and Nuzum were each charged in two separate accusations with criminal trespass in violation of OCGA §§ 16-7-21 (a) (two counts) and 16-7-21 (b) (3) (two counts), resulting from their participation in demonstrations occurring on December 31, 1989 and January 3, 1990. They were jointly tried and convicted of each offense.

They both signed a notice of appeal, with a certificate of service signed by someone designated as "next friend," but only Mercier has pursued it.

1. To the extent there is an appeal by Nuzum, it should be dismissed. See dissent in *Lee v. State*, 203 Ga. App. 487 (417 SE2d 426) (1992). I do not reach the issue decided in Division 1.

2. Mercier was among 14 to 16 people who "pushed their way into" Atlanta Northside Family Planning Services on December 21, 1989, where they proceeded to throw chairs and handcuff themselves to the furniture. The clinic administrator summoned the police after requesting several times that they leave and receiving no response. The police advised the group that they were trespassing on private property and again asked them to leave. When they received no response, they arrested the demonstrators.

On January 3, 1990, Mercier was in a group of people who arrived at the Feminist Women's Health Clinic. They disregarded "no trespass" signs and proceeded past police barricades onto the porch of the facility, where they sat blocking the entrance. The clinic manager identified herself to the group, informed them they were trespassing on private property and asked them to leave. They refused and the police were called. The same announcement was made in the presence of the police, and when the demonstrators again refused to leave, they were arrested.

Mercier, who is indigent, contends he was denied his right to counsel. A written request for the appointment of counsel who professed to be a born-again Christian, attended church regularly, and had personal experience at reading the Bible was initially submitted but later withdrawn, on the assertion that it had been made under extreme duress.

At trial appellant and other defendants refused the offer of counsel, requesting instead that they be represented by a specific person, who is not a member of the State Bar of Georgia. When the court explained that defendants were not entitled to be represented by a non-lawyer third party, they elected to proceed pro se. Over objection, the court nonetheless appointed an attorney to remain in the courtroom throughout the proceedings in an advisory capacity. He had had an opportunity to confer with each defendant. I concur in Division 2.

I concur in Division 7 as well as in Divisions 2 through 6.

DECIDED MARCH 20, 1992.

Johnny Mercier, *pro se.*
David Nuzum, *pro se.*
*James L. Webb, Solicitor, Helen A. Roan, R. Lee O'Brien, Jr., Assistant Solicitors*, for appellee.