A93A0625. JOHNSON v. THE STATE.
(430 SE2d 821)

McMURRAY, Presiding Judge.

Defendant Johnson appeals his conviction of the offenses of rape and kidnapping. *Held:*

1. The evidence construed in the light most favorable to the verdict shows that the victim was walking home from a friend's house at approximately 2:30 a.m. when the defendant sneaked up behind her, grabbed her, and pulled her over to the grounds of a nearby school. At the school grounds, defendant threw the victim down, tore off her clothes, and forcibly had sexual intercourse with the victim. This evidence was sufficient to enable a rational trier of fact to find defendant guilty beyond a reasonable doubt of rape and kidnapping. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Battles v. State*, 205 Ga. App. 510 (422 SE2d 672).

2. Before and at trial, defendant expressed his concern as to whether, in view of the nature of the crimes with which he was charged, he would receive a fair trial in a courtroom where the judge, prosecuting attorney, and defense attorney were all women. Defendant sought the recusal of the trial judge and district attorney, as well as the appointment of male defense counsel.

Defendant enumerates as error the denial of his request that appointed counsel be relieved and other counsel be appointed, and argues that he "was prevented from fully participating in his defense because he was denied Counsel of his preference." However, defendant has a "right to the effective assistance of counsel, not the right to the assistance of counsel satisfactory to the defendant." *Bailey v. State*, 240 Ga. 112, 113 (1), 114 (239 SE2d 521). See also *Phipps v. State*, 200 Ga. App. 18, 19 (406 SE2d 493). There is no showing that defendant was not provided with reasonably effective assistance of counsel, therefore we find no error in the denial of defendant's motion requesting a change of defense counsel.

Defendant also enumerates as error the denial of his request that his case be transferred to the courtroom of a specific male superior court judge. The crux of this issue is whether the trial court properly denied defendant's motion to recuse. "OCGA § 15-1-8 sets forth the particular circumstances in which a judge shall be recused. . . . The grounds for recusal in § 15-1-8 are exclusive and exhaustive, and courts may not add other grounds of disqualification to those stated in the statute. *Daniel v. Yow*, 226 Ga. 544 (176 SE2d 67); *Blakeman v. Harwell*, 198 Ga. 165 (31 SE2d 50); *Elliot v. Hipp*, 134 Ga. 844 (68 SE 736)." *Mapp v. State*, 204 Ga. App. 647, 649 (4) (420 SE2d 615). None of these circumstances applies in this case, therefore the trial judge did not err in denying defendant's motion to recuse.

3. Next, defendant contends that the trial court erred in admitting evidence of his 1982 conviction of rape based on a plea of guilty. However, no objection to this evidence was presented at trial. This issue cannot be raised for the first time on appeal. *Weaver v. State*, 200 Ga. App. 82 (1) (406 SE2d 574).

4. Defendant's remaining enumeration of error contends that the trial court erred in refusing to grant a continuance in order to permit defendant to adequately prepare for trial. However, our review of the transcript and record fails to reveal anything which could reasonably be construed as a request to the trial court for a continuance. "An issue not raised during the trial in any form calling for a ruling will not be considered by this court. *Ocilla Truck &c. Co. v. Nolan*, 124 Ga. App. 417 (184 SE2d 48)." *Sanders v. State*, 134 Ga. App. 825, 826 (1) (216 SE2d 371). This enumeration of error is without merit.

*Judgment affirmed. Beasley, P. J., and Cooper, J., concur.*

DECIDED APRIL 5, 1993.

*Imogene L. Walker*, for appellant.

*Lewis R. Slaton, District Attorney, Carla E. Young, Vivian D. Hoard, Assistant District Attorneys*, for appellee.