## A05A2189. DINGLER v. THE STATE.
(637 SE2d 120)

MILLER, Judge.

Following a jury trial, Larry Dingler was convicted of a single count of burglary. On appeal, he contends that the trial court erred in denying his (i) ex parte motion for an expert witness at State expense and motion for a continuance so that such expert could review the State's DNA evidence, (ii) motion seeking leave to challenge the constitutionality of compulsory blood testing of certain State prisoners for entry in the State's DNA data bank, and (iii) request for new appointed counsel. Dingler otherwise challenges the sufficiency of the evidence and the effectiveness of his trial counsel. Discerning error in the denial of Dingler's motion for the appointment of a DNA expert, we reverse.

Viewed in the light most favorable to the jury's verdict, the evidence shows that a Home Depot Landscape Supply Store in Duluth was broken into during the night of July 25, 2002. The window of a backdoor was found shattered, and blood was found on the door and on the floor inside the business. An inventory revealed that several thermal printers, one computer, and shelving and countertop materials were missing. Georgia Bureau of Investigation ("GBI") analysis of blood swabs collected at the scene resulted in a DNA profile that matched Dingler's DNA profile, as stored in the State's DNA data bank. Based on this information, Dingler was arrested, and a search warrant was obtained for a sample of his blood. GBI testing of the blood sample taken from Dingler and that taken at the crime scene revealed, to a reasonable scientific certainty, a DNA match for Dingler.

At trial, Dingler denied the burglary, indicating that he had been in Stockbridge on the night at issue.

1. Dingler contends that the trial court erred in denying his motions to appoint a DNA expert at the State's expense and for a continuance to allow such expert to review the State's DNA evidence. Dingler alleges that these errors deprived him of fundamental fairness under the law. We agree.

> A motion for funds to obtain an expert witness requires a reasonable showing to the court, by the defendant, why the expert's services are required, what services are to be performed by such expert, the identity of the expert, and the cost to provide the needed services. The defendant must also demonstrate that without the assistance of the expert, the defendant's trial would be rendered fundamentally unfair. The trial court has discretion to grant or deny a motion for funds for an expert witness.

(Citations and footnotes omitted.) *Coalson v. State*, 251 Ga. App. 761, 766-767 (3) (555 SE2d 128) (2001).

We first conclude that Dingler's motion to hire an expert witness at State expense complied with the requirements of *Coalson*. While the motion neither identified Dingler's proposed expert by name nor set out such expert's fee with specificity, the identity of Dingler's proposed expert was known to the trial court since the court previously had provided Dingler with funds to enter into preliminary discussions with his proposed expert. In addition, the proposed expert's fees were not in issue because Dingler's motion left the issue of the reasonableness of such fees to the trial court's discretion. Dingler's motion otherwise indicated that the State's only evidence against him consisted of the match between his DNA profile and the blood found at the crime scene and that he required the assistance of a DNA expert to challenge the accuracy of the State's findings.

In *Thornton v. State*, 255 Ga. 434 (339 SE2d 240) (1986), the Supreme Court of Georgia held that the defendant had been wrongly denied funds for an expert witness. In *Thornton*, as here, the scientific evidence in issue was critical in that it was the sole link between the defendant and the crime at issue, and, because of its novelty, that evidence was subject to varying scientific opinions. Id.; *Jones v. State*, 277 Ga. 36, 38 (3) (586 SE2d 224) (2003); *Caldwell v. State*, 260 Ga. 278, 286 (1) (b) (393 SE2d 436) (1990); *McKinney v. State*, 218 Ga. App. 633, 635 (3) (463 SE2d 136) (1995) ("[F]orensic analysis of DNA, in light of its novelty, is likely to be the subject of varying expert opinions.") (citation and punctuation omitted). Further, the record shows that Dingler timely sought an expert to assist him in challenging the admissibility of the State's DNA identification evidence. Without such an expert, he was left with no witness on his behalf. In light of the foregoing, the trial court's failure to appoint an expert rendered Dingler's trial fundamentally unfair.

Moreover, the record shows that the trial court denied Dingler's motions for the appointment of an expert and a continuance on the ground that his previously-filed speedy trial demand operated as an "announcement ready," and therefore barred any delay to obtain an expert or provide the expert with additional time to review the State's DNA evidence. The trial court erred in denying each motion, as Dingler correctly points out that a demand for speedy trial in a noncapital case does not impose a requirement to announce ready for trial. OCGA § 17-7-170; compare *Ciprotti v. State*, 190 Ga. App. 639, 641 (379 SE2d 802) (1989) (Pope, J., concurring specially) ("A defendant demanding a speedy trial in a capital case, pursuant to OCGA § 17-7-171, is required to announce ready when the case is called for trial. However, such a requirement is not imposed . . . in a non-capital case."). Rather, a request for a continuance outside the term of the

demand waives the speedy trial demand. *Adams v. State*, 129 Ga. App. 839, 842 (201 SE2d 649) (1973).

Under these circumstances, the trial court abused its discretion in denying Dingler's motion for the appointment of a DNA expert at State expense and his motion for a continuance to allow such expert to review the State's DNA evidence. Dingler's trial having thus been rendered fundamentally unfair, his conviction must be reversed and a new trial granted.[1] In the interests of judicial economy, however, we nonetheless address Dingler's remaining claims of error to the extent they remain in issue upon the instant appeal or might be at issue upon the retrial of the case.

2. Dingler contends that the trial court erred in refusing to hear his motion challenging the constitutionality of subjecting certain State prisoners to compulsory blood testing to establish their DNA profiles for storage in the State's DNA data bank. We disagree.

The trial court denied the foregoing motion, as filed more than ten days after waiver of arraignment. OCGA § 17-7-110. Since the complained-of motion was untimely filed, Dingler waived his right to challenge the constitutionality of this practice. See *Walker v. State*, 277 Ga. App. 485, 488 (3) (627 SE2d 54) (2006) (waiver of motion to suppress). Accordingly, the trial court correctly refused to hear the motion. We point out, however, that the result would not be otherwise if the motion had been heard. See Division 3, infra.

3. Dingler contends that he was denied effective assistance of trial counsel in that counsel failed to object to the admissibility of the initial DNA match between his DNA profile maintained in the State's DNA data bank and the blood taken from the crime scene. Again, we disagree.

To prevail on a claim of ineffective assistance of counsel, a defendant must establish: (1) deficient performance of his or her trial counsel, and (2) that the deficiency was prejudicial to his or her defense. *Fults v. State*, 274 Ga. 82, 83-84 (2) (548 SE2d 315) (2001). A trial court's determination that trial counsel rendered effective assistance will be upheld on appeal unless clearly erroneous. *Jackson v. State*, 209 Ga. App. 53, 56 (7) (432 SE2d 649) (1993).

As a person who was convicted of a felony prior to July 1, 2000 and who on that date was incarcerated on such offense, Dingler was properly subject to compulsory blood sampling to establish his DNA profile for storage in the State's DNA data bank. OCGA § 24-4-60 (b). "[O]nce a person is convicted of one of the felonies included as predicate offenses under the DNA Act, his identity has become a

---

[1] Since the DNA evidence was sufficient to support the conviction (see, e.g., *Barela v. State*, 271 Ga. 169, 171-172 (517 SE2d 321) (1999)), a new trial is appropriate here.

matter of state interest and he has lost any legitimate expectation of privacy in the identifying information derived from blood sampling." (Citations and punctuation omitted.) *United States v. Kincade,* 379 F3d 813, 837 (III) (B) (1) (9th Cir. 2004), cert. denied, *Kincade v. United States,* 544 U. S. 924 (125 SC 1638, 161 LE2d 483) (2005). It is not otherwise under OCGA § 24-4-60. See *Padgett v. Ferrero,* 294 FSupp.2d 1338, 1345 (III) (E) (N.D. Ga. 2003) (DNA samples taken under OCGA § 24-4-60 not violative of Fifth Amendment right against self-incrimination because they are "not testimonial in nature.").

Because no constitutionally protected privacy interest was implicated, and as we have indicated, had Dingler's motion been heard and denied, no error would have resulted. *Kincade,* supra, 379 F3d at 837 (III) (B) (1); *Padgett,* supra, 294 FSupp.2d at 1345 (III) (E). Therefore, the DNA match of which Dingler complains was admissible, and trial counsel was not ineffective in failing to object to the admission of such evidence. The failure to make a meritless objection cannot amount to ineffective assistance of counsel. *Hayes v. State,* 262 Ga. 881, 884-885 (3) (c) (426 SE2d 886) (1993); *Scott v. State,* 272 Ga. App. 32 (2) (611 SE2d 712) (2005).

4. Similarly, the trial court did not err in denying Dingler's motion to relieve his appointed counsel and to appoint new counsel. Dingler argues that trial counsel refused to file all the motions he wanted and that counsel had advised him to "plead out." Dingler, however, has a "right to the effective assistance of counsel, not the right to the assistance of counsel satisfactory to the defendant. [Cits.]" *Bailey v. State,* 240 Ga. 112, 114-115 (1) (239 SE2d 521) (1977); *Johnson v. State,* 208 Ga. App. 453, 454 (2) (430 SE2d 821) (1993). Since Dingler's sole claim of ineffectiveness on appeal is without merit, see Division 3, supra, the trial court did not err in denying his motion for the appointment of new counsel. *Bailey,* supra, 240 Ga. at 114-115 (1); *Johnson,* supra, 208 Ga. App. at 454 (2).

*Judgment reversed. Johnson, P. J., and Ellington, J., concur.*

DECIDED OCTOBER 3, 2006.

*Glynn R. Stepp,* for appellant.
*Daniel J. Porter, District Attorney, William C. Akins, Assistant District Attorney,* for appellee.